### In re PRITCHETT.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. ATTORNEY AND CLIENT—OFFICE OF ATTORNEY—DISBARMENT — GROUNDS — FRAUD IN PROCURING ADMISSION.

Under Code Civ. Proc. § 67, providing that an attorney who is guilty of fraud or deceit in proceedings by which he was admitted to practice may be suspended from practice or removed from office by the Appellate Division of the Supreme Court, an attorney who secured admission to practice law in New York upon affidavits and certificates suppressing the facts of his conviction of crime and disbarment in another state, which facts, if known, would have prevented him from securing admission, was guilty of fraud and deceit within the statute, requiring his disbarment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 58.]

2. SAME.

Where the affidavits and certificates upon which an attorney secured admission to practice law in the state of New York suppressed the facts of his prior conviction and disbarment in another state, evidence that

he was unjustly convicted or disbarred in such state would not relieve him from guilt in practicing fraud and deceit upon the courts of the state of New York, so as to save him from being disbarred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 58.]

Motion to disbar Thomas J. Pritchett, an attorney. Motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

John L. Lockwood, for petitioner.
Flynn & Hess, for respondent.

PER CURIAM. Section 67 of the Code of Civil Procedure provides:

"An attorney and counselor, * * * who is guilty of any fraud or deceit in proceedings by which he was admitted to practice as an attorney and counselor of the courts of record of this state, may be suspended from practice, or removed from office, by the Appellate Division of the Supreme Court."

The respondent was admitted to the bar as having practiced for three years as an attorney and counselor at law in the state of Maryland and having been a member of the bar of "the circuit court of Hartford county, a court of the highest original jurisdiction in the state aforesaid"; the three years being from 1895, when he was admitted, to 1898. There is another certificate that he practiced from 1898 to 1902. The judge of the circuit court of Maryland certified that on the 16th of November, 1895, the respondent was admitted as a member of the bar for the circuit court of Hartford county, and ever since the 16th of November, 1895, had been entitled to the full privilege of practicing in said court. He further certified that the records of the said court disclose nothing against his good character or habits. It is quite clear that this certificate was insufficient. There was no certificate that the respondent was of good character—simply that the records of the court disclosed nothing against his good character, which is a very different proposition. The reason of the peculiar form of this certificate is made apparent when it appears that the respondent was convicted on an indictment which was subsequently affirmed by the Supreme Court of that state and sentenced to six months in jail, the sentence to begin on the 13th of May, 1901, and on the 25th of June, 1901, was pardoned by the Governor of Maryland.

There can be no question but that there was a suppression by the respondent of the fact of this conviction and that he had been disbarred by a court in Baltimore. His only excuse for the suppression of this information on his application to the court was that he did not want to spread upon the records what he calls the unfortunate occurrence of his conviction, but a much more cogent reason exists in that he knew that if that fact was stated to the court his application would not have been granted. He applied to the judges of the supreme bench of Baltimore to be reinstated as a member of the bar of that court, and in his petition he referred to the unconditional pardon which he had received from the Governor of Maryland, and set forth that

it was provided by statute of the state of New York that, whenever an attorney or counselor at law shall be convicted of a felony, there may be presented to the General Term of the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall by an order of the court be stricken from the roll of attorneys; that he had no desire or intention to resume the practice of law in the city of Baltimore, but wished to be admitted to the courts of the state of New York, which he would be entitled to under the statute of that state, under circumstances similar to those recited in his petition, had he originally been a member of the courts of that state; and in order to be admitted to the courts of that state from another state he must present his certificate that he is a member of the bar of the state from which he comes. The suppression of information and the production of the certificates, which did not formally state that he was a member of the bar of the state of Maryland in good standing, was certainly deceit practiced upon the court. The respondent knew that if this fact had been disclosed he would not have been admitted to practice, and nowhere in his answer to this application does he state that he did not realize that position, or that the suppression was not made for the purpose of concealing from the court a fact which, if disclosed, would have prevented his admission, and, if he had, he would have been confronted with his petition to the Maryland court for reinstatement. It is clear that this was fraud or deceit in the proceedings by which he was admitted to practice, and that for this fraud and deceit he must be disbarred. No evidence could possibly change this record; for, even if he was unjustly convicted and unjustly disbarred in Maryland, and the pardon of the Governor restored him to his full rights as a citizen, and conceding that injustice was done by his conviction in Maryland, there is still the conceded fact that he obtained his admission to the bar in this state by papers which carefully omitted a disclosure of facts which had relation to the practice of his profession in Maryland, and that he was therefore guilty of fraud and deceit in the proceedings in which he was admitted to the bar. The fact upon which this proceeding is based, namely, the suppression of these facts in his application for admission, is admitted, and there is no necessity, therefore, of taking evidence of a conceded fact which of itself requires us to disbar the respondent.

The motion should therefore be granted.