## In re QUITMAN.

(Supreme Court, Appellate Division, First Department. November 8, 1912.)

1. ATTORNEY AND CLIENT (§ 40*)—DISBARMENT—DECEIT IN PROCEEDING FOR ADMISSION TO BAR.

 Where one, who had been imprisoned in the state reformatory upon a conviction for crime, applied for admission to the bar, and suppressed the fact of his conviction, presenting a certificate, purporting to be signed by an attorney, which certified that he was a clerk in such attorney's office during the time of his imprisonment, the fraud practiced on the court would justify the disbarment of the attorney thus obtaining his admission.

 [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 58; Dec. Dig. § 40.*]

2. ATTORNEY AND CLIENT (§ 44*)—DISBARMENT—PRACTICING FRAUD AND DECEIT ON CLIENTS.

 The defrauding of clients out of considerable sums of money, and the failure to perform services for which he was employed and paid, would justify the disbarment of an attorney.

 [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

3. ATTORNEY AND CLIENT (§ 38*)—DISBARMENT—PERMITTING DISBARRED ATTORNEY TO PRACTICE IN HIS NAME.

 Where an attorney permitted a disbarred attorney to practice law in his name, such act disqualified him from any right to further practice.

 [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 51, 61; Dec. Dig. § 38.*]

Appeal from Judgment on Report of Referee.

Disbarment proceedings by the bar of the City of New York against Max D. Quitman. Respondent disbarred.

See, also, 148 App. Div. 891, 132 N. Y. Supp. 1144.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Keyes Winter and Einar Chrystie, both of New York City, for petitioner.

Irving E. Zeigler, of New York City, for respondent.

INGRAHAM, P. J.  [1] The very careful and exhaustive report of the referee renders it unnecessary to consider the facts of this case in detail, and we approve his conclusion that the charges have been fully proved. It appears that prior to the 8th of February, 1887, the respondent had been in the employ of Henry M. Goldfogle, an attorney at law, and that on that date the respondent was convicted in the Court of General Sessions for the City and County of New York of having taken and harbored one Kingsburg, a female under the age of 16 years, for the purpose of prostitution, for which he was sentenced to be imprisoned in the state reformatory at Elmira; that he remained at said institution until November 2, 1889, when he was released on parole and was re-employed by the firm of Goldfogle & Cohen, attorneys at law, in a clerical capacity; that subse-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

quently, in the month of February, 1891, he applied for admission to the bar in the Second department. On that application he suppressed the fact that he had been thus convicted, and presented to the court a certificate, which purported to be signed by Mr. Goldfogle, which certified that the respondent had commenced a clerkship with him at his office on the 1st of February, 1882, and had continued such clerkship up to the date certified, and that he was a person of good moral character. That this certificate was false upon its face is apparent, from the fact that from the 8th of February, 1887, until November 2, 1889, he was in the Elmira reformatory under a judgment convicting him of the offense before stated. Certainly his moral character after having been convicted of such an offense was open to question. The referee finds, and it is quite clear from the evidence, that the attention of the court or its committee on character was not called to the fact of this conviction or imprisonment, and the respondent was admitted to practice upon what purported to be a certificate from Mr. Goldfogle that during this period the respondent had been a clerk in his office and that he was of good moral character. This fraud practiced upon the court would of itself require the respondent's disbarment.

[2, 3] The other charges against the respondent, consisting of fraud and deceit practiced upon the clients of the respondent and Hochstadter in their practice, would also require the respondent's disbarment. These facts are stated at length by the referee in his report, and establish the fact that the respondent and Hochstadter together were engaged in most disreputable practices, which resulted in cheating their clients of considerable sums of money and their failure to perform the services for which they were employed and paid. The conduct of the respondent in establishing the relation that he did with Hochstadter after his disbarment, and thus enabling Hochstadter to practice law, notwithstanding his disbarment, calls for the severest condemnation, and would of itself require the disbarment of the respondent. It is quite evident from the testimony that Hockstadter was really practicing law with the respondent with the respondent's consent. If this should be allowed, an order disbarring an attorney would be of no effect. When a man is disbarred from the practice of the law, any attorney who knowingly allows such an attorney to practice in his name commits an offense which disqualifies him from further practice.

The conclusion of the official referee is approved, and the respondent disbarred. All concur.