(169 App. Div. 527)

## In re MOSKOVITZ.

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. ATTORNEY AND CLIENT ☞4—ADMISSION—RULES OF COURT.

　　Rule 4 (48 N. E. vi) of the Court of Appeals rules as to admission to the bar, requiring an applicant for admission to the bar to prove by affidavit "that he has studied law in the manner and according to the conditions hereinafter prescribed for a period of three years," and rule 5, requiring that the period of study must be fulfilled by serving a regular clerkship in the office of a practicing attorney of the Supreme Court, clearly require the applicant to pursue a clerkship as his regular daily employment, and are not fulfilled by a nominal, perfunctory, or occasional attendance at a law office, when the greater portion of the applicant's time is devoted to other lines of business.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 4–9; Dec. Dig. ☞4.]

2. ATTORNEY AND CLIENT ☞40—ADMISSION—APPLICATION.

　　Where the applicant for admission to the bar conceals the facts of his employment at other occupations during the time he states that he was employed as a clerk in a law office, and it appears that he was not employed as a clerk in a law office for the full period of time required, he was never qualified for admission, and his admission must for that reason be revoked.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 58; Dec. Dig. ☞40.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Proceeding by the Association of the Bar of the City of New York against Eugene Moskovitz, an attorney and counselor at law, for professional misconduct.   Admission revoked.

See, also, 163 App. Div. 855, 147 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, and DOWLING, JJ.

Einar Chrystie, of New York City (Langdon P. Marvin, of New York City, of counsel), for petitioner.

Henry Stern, of New York City, for respondent.

PER CURIAM.   The charges against this attorney, preferred by the Association of the Bar of the City of New York, are that he was guilty of fraud and deceit in the proceeding by which he was admitted to the bar in November, 1907.   The specifications of this fraud and deceit are: That in September, 1906, respondent filed with the clerk of the Court of Appeals two affidavits, one by himself and one by Jacob M. Kram, in both of which it is stated that respondent began the service of a regular clerkship in the law office of said Kram on January 7, 1904, and continued said clerkship until September 21, 1906, whereas in fact he had been employed from April 18 to April 22, and from May 22 to September 11, 1905, by Saks & Co. daily from 8:30 a. m. to 6 p. m., and from September 12, 1905, to January 27, 1906, and from May 29 to September 1, 1906, by Pinkerton's National Detective Agency; also that in November, 1907, on his application for admission to the bar, the respondent was requested by the committee on character, in the Appellate Division, First Department, to give a full list of the offices or business houses in which he had been employed and the length of time in each.   Respondent misstated the length of time that he had been employed by the firm of Berg Bros., and wholly omitted to mention his employment by Saks & Co. and by Pinkerton's National Detective Agency.

We first take up the affidavit of service in the law office of Jacob M. Kram.   On December 2, 1895, the Court of Appeals, pursuant to the authority vested in that court by law, adopted certain rules for the admission to practice of attorneys and counselors at law, which went into effect on January 1, 1896, and were in force at the time the respondent applied for admission.   Rule 4 (48 N. E. vi) provided that, to entitle an applicant to be examined for admission as an attorney he must prove by his own affidavit:

"That he has studied law in the manner and according to the conditions hereinafter prescribed for a period of three years."

Rule 5 contained the following requirements:

"Applicants for examination shall be deemed to have studied law within the meaning of these rules when they have complied with the following terms and conditions, viz.: 1. The provision for requisite periods of study must be fulfilled by serving a regular clerkship in the office of a practicing attorney of the Supreme Court of this state after the age of eighteen years; or, after such age, by attending" a law school of the character prescribed by the rule.

[1] The meaning and intention of this rule is perfectly obvious.   The serving of a regular clerkship in a practicing attorney's office is pre-

scribed as an educational preparation for admission to the bar, and was so prescribed as an alternative to attendance at a law school. The object to be attained by such service as a clerk could not be accomplished by a nominal, perfunctory, or occasional attendance at a law office. The plain requirement of the rule is that such service shall be that of a regular clerk, and it is incompatible with regular employment during the same time in other forms of business. The affidavit of respondent and of Mr. Kram was to the effect that respondent had served a regular clerkship in Kram's office from January 7, 1904, to September 21, 1906. Within that period he was employed by Saks & Co. from April 18 to April 22, 1905, and from May 22 to September 11, 1905, and was employed by Pinkerton's National Detective Agency from September 12, 1905, to January 27, 1906, and from May 29, 1906, to September 1, 1906.

Without going into the details of the evidence, which has been carefully collated by the official referee, it is sufficient to say that the nature of respondent's employment by both of the concerns specified was such that it was impossible that he should have had opportunity, during the periods of such employment, to have served in any real sense as a regular clerk in a law office. As might be expected, the evidence as to his actual service in Mr. Kram's office shows that respondent was irregular in his attendance at the office, and in the time he spent there when he attended at all. He appears to have made it a point to be at the office at some time during nearly every day, but that was about all he did during a considerable part of the three years that he swore he was a regular clerk. The Official Referee, after remarking that no precise judicial definition has been given to the words "regular clerkship," justly observes:

"It cannot be contemplated, however, that the Court of Appeals, in setting forth the manner in which applicants may be admitted to practice in the courts of this state, ever intended that, while pursuing other lines of daily employment, students should spend a small portion of each day in a practicing lawyer's office, and call such occupation in a law office a 'regular clerkship.'"

The official referee accordingly finds, and in that respect we entirely concur with him, that respondent, during the periods he was employed by Saks & Co. and by the Pinkerton's National Detective Agency, was not serving a "regular clerkship" in the office of Mr. Jacob M. Kram. It follows that his affidavit in that regard was false, and that at the time he applied for admission to practice he had not qualified himself as required by the rules.

[2] When interrogated by the committee on character as to his previous employments, the respondent suppressed the fact that he had been employed during the term of his alleged clerkship by Saks & Co. and the Detective Agency. His explanation as to how he came to suppress this information is wholly unsatisfactory. The fact undoubtedly is that he justly apprehended that, if he mentioned these employments, the falsity of his affidavit as to the service of a regular clerkship would have been made apparent. It is therefore clearly established that at the time the respondent applied for admission to the bar he was not legally qualified, and that his lack of qualification was covered up and con-

cealed by the false affidavits as to his service as a law clerk, and the suppression of the facts as to other employments during the same period that he claimed to have been serving a regular clerkship in a law office.

Under these circumstances, his admission to practice was unauthorized by law and was invalid. We are urged to be lenient towards this respondent, but this is not a case for either leniency or severity. The only question is whether respondent's admission to the bar was valid. Obviously it was invalid, because he was not properly qualified to apply for admission.

It follows that his admission must be revoked; and it is so ordered.

---

(169 App. Div. 600)

HUDSON BLDG. v. COMPAGNIE GÉNÉRALE TRANSATLANTIQUE.
(No. 7852.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. LIMITATION OF ACTIONS ☞22—LIMITATION APPLICABLE—ACTION FOR RENT.

Where the lessee under a sealed lease exercises the option given him to renew, an action for rent accruing after the renewal is not barred by the six-year statute of limitations; the renewal term, when the option was exercised, becoming a part of that under the sealed lease.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 100–111; Dec. Dig. ☞22.]

2. PLEADING ☞94—DEFENSES—COMPLETENESS.

One defense in an answer cannot be aided by a denial in a separate defense in the same answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 191, 192; Dec. Dig. ☞94.]

Appeal from Special Term, New York County.

