In the Matter of EDWARD CARPEL, an Attorney, Respondent.

First Department, May 18, 1917.

Attorney at law—admission of non-resident attorney on motion revoked.

Admission to the bar of this State of a Pennsylvania attorney, on motion revoked upon the ground that he had not been admitted to practice in the Supreme Court of Pennsylvania, which is the highest court of law in that State, and for fraudulent statement in his affidavit that he had practiced continuously in the courts of Pennsylvania since his admission, and for failure to state that he had been indicted in said State.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*O'Gorman, Battle & Vandiver,* for the respondent.

CLARKE, P. J.:

The respondent in February, 1905, was admitted upon motion to practice as an attorney and counselor at law by the Appellate Division, First Department.

The petition alleges that in June, 1896, respondent was admitted to practice in the courts of the city and county of Philadelphia and in the Orphan's Court, and in October, 1899, he was admitted to practice in the Superior Court of the State of Pennsylvania. In April, 1901, he was indicted in the city of Philadelphia upon the charge of stealing a gold watch which he had received from a client to deposit as security for a bail bond, and in May, 1902, he was again indicted upon the charge of stealing $135 belonging to a client. A short while after this last indictment had been filed against him respondent left Philadelphia and went to Pittsburgh, where he was employed in newspaper work. He remained in Pittsburgh for two years, but did not practice law in Pennsylvania after he had been indicted.

Respondent based his application upon his admission to the bar in Pennsylvania, and submitted an affidavit, verified by him, in which among other things he states:

"3. I have practised continuously in the courts of the City and County of Philadelphia since my admission of June 1st, A. D. 1896, and of my admission of June 1st, 1896, in the Orphan's Court, and of my admission to the Superior Court of Pennsylvania of October 5th, 1899."

This statement was untrue in that the respondent had not practiced continuously in the courts of Pennsylvania from the date of his admission therein, as he had refrained from practicing in that State after his indictment in 1902. The respondent concealed from the court the fact that he had been indicted, and although the indictment charging him with the larceny of $135 had been dismissed in February, 1904, after restitution had been made to the complaining witness, the other indictment charging him with the larceny of the gold watch was still pending at the time he made his application for admission to the bar of this State.

The petition further alleges that the respondent was never admitted to practice in the Supreme Court of Pennsylvania, which is the highest court of law of that State, and, therefore, he was not eligible for admission to the bar of this State under rule 2 of the rules of the Court of Appeals governing the admission of attorneys and counselors at law without examination.

The answer admits the filing of the said indictments, alleges that one of them had been dismissed before his admission to the bar of this State and that the other had not. It further alleges as to that part of the petition which alleges that the respondent in making his application for admission to the bar stated that he had practiced continuously in the courts of the city and county of Philadelphia since his admission on June 1, 1896, and the claim in said petition that the respondent had not practiced continuously in the courts of Philadelphia, that the fact is that the respondent intended to state that he had practiced continuously for three years before being admitted to the bar. As to the allegation that the respondent was never admitted to practice in the Supreme Court of Pennsylvania,

the fact is that the respondent did practice in the Court of Common Pleas, which is the highest court of original jurisdiction in Pennsylvania, and also in the Orphan's Court and in the Superior Court of Pennsylvania, in the city of Philadelphia. Also the respondent argued at least two appeals in the Supreme Court of the State of Pensylvania, and he regarded himself as a member admitted to practice in that court.

Rule 2 of the rules of the Court of Appeals governing the admission of attorneys and counselors at law, as amended on June 24, 1903, and in force at the time of respondent's admission to the bar provides as follows: "Any person who has been admitted to practice, and has practiced three years as an attorney and counselor in the highest court of law in another State, * * * may, in the discretion of an Appellate Division of the Supreme Court, be admitted and licensed without an examination. But he must possess the other qualifications required by these rules, and must produce a letter of recommendation from one of the judges of the highest court of law of such other State, or country, or furnish other satisfactory evidence of character and qualifications." *

The power to admit to the bar on motion was in February, 1905, conferred "in the discretion of an Appellate Division." In the exercise of that discretion, the court should be informed truthfully and frankly of matters tending to show the character of the applicant and his standing at the bar of the State from which he comes. The finding of indictments against him, one of which was still outstanding at the time of his motion, were facts which should have been submitted to the court, with such explanations as were available. Silence respecting them was reprehensible as tending to deceive the court.

Further, I am of the opinion that a deceit was practiced upon the court which admitted him by the phrase in his affidavit: " I have practised continuously in the courts of the City and County of Philadelphia, since my admission June 1st, A. D. 1896." He had not practiced, by his own admission, continuously in said courts from said time to the time of his admission in the courts of this State, because he had left Philadelphia in

---

* See Cumming & Gilbert's Official Court Rules (ed. 1907), pp. 363, 364. — [REP.

1902 and had gone to the city of Pittsburgh, where he had been engaged in the newspaper business and had refrained from practicing law in Pennsylvania thereafter. If the construction which he now puts upon said affidavit is permissible, that it was intended to state that he had practiced continuously for the period required by the rules of the Court of Appeals, quoted *supra*, namely, three years, there would still remain the fact that he did not bring himself within the condition precedent provided by the rule for admission without examination, namely, that he must have been admitted to practice and has practiced three years as an attorney and counselor in the highest court of law in another State, to wit, Pennsylvania. It is not denied that he was never admitted to practice in the Supreme Court of the State of Pennsylvania, which is the highest court of law in that State. He was, therefore, ineligible and this court was without power to admit him.

In *Matter of Backus* (151 App. Div. 813) the court said: "The applicant was admitted to practice in the several courts of the forty-eighth judicial district of the State of Pennsylvania, but was never admitted to practice in the Supreme Court of that State, as is necessary to entitle him to practice in that court, which is the highest court in the State of Pennsylvania. Although the courts in which the applicant has been admitted are courts of the highest original jurisdiction, that does not entitle him to admission here without examination. The rules of the Court of Appeals and the General Rules of Practice of the Supreme Court provide that in the discretion of the Appellate Division a person may be admitted to practice in the courts of this State without examination, who has been admitted to practice and has practiced for the required length of time as an attorney and counselor in the highest court of law in another State. (Rule 2, Court of Appeals, relating to admission of attorneys and counselors at law; Rule 1, General Rules of Practice of the Supreme Court.)

"Admission under our rules by the Appellate Division admits an applicant to practice in all the courts in this State, including the Court of Appeals, which is the highest court. We think the applicant is not entitled to be admitted to practice in this State without being admitted to practice in the

First Department, May, 1917.                    [Vol. 178.

Supreme Court of Pennsylvania and having practiced there for the required length of time.

" The application should, therefore, be denied.

" Application denied, not in the exercise of discretion, but upon the sole ground that this court has no authority under rule 2 of the Court of Appeals and rule 1 of the General Rules of Practice of the Supreme Court to admit the applicant, it appearing that he has never been admitted to practice in the highest court of law in the State of Pennsylvania."

In *Matter of Moskovitz* (169 App. Div. 527) this court said: "It is, therefore, clearly established that at the time the respondent applied for admission to the bar he was not legally qualified, and that his lack of qualification was covered up and concealed by the false affidavits as to his service as a law clerk, and the suppression of the facts as to other employments during the same period that he claimed to have been serving a regular clerkship in a law office.

" Under these circumstances his admission to practice was unauthorized by law and was invalid.   *   *   *   The only question is whether respondent's admission to the bar was valid. Obviously it was invalid because he was not properly qualified to apply for admission.   It follows that his admission must be revoked and it is so ordered."

In *Matter of Pritchett* (122 App. Div. 8); *Matter of Osgoodby* (169 id. 626); *Matter of Marx* (115 id. 448); *Matter of Leonard* (127 id. 493; affd., 193 N. Y. 655); *Matter of Quitman* (152 App. Div. 865), and *Matter of Singer* (156 id. 85) the respondent in each case was disbarred for deceit practiced in the proceeding by which he was admitted to the bar by the suppression of facts affecting his character, conduct and standing.

As the facts are admitted by the answer, there is no necessity for a reference.   We are of the opinion that, as it is undenied that the respondent was ineligible for admision upon motion to the bar of this State under the rules of the Court of Appeals in force at the time of his admission the order entered thereon was invalid, and his admission must be revoked.

SCOTT, SMITH, PAGE and DAVIS, JJ., concurred.

Admission revoked.   Order to be settled on notice.