## State ex rel. Board of Law Examiners vs. Podell.

*February 13—March 9, 1926.*

*Attorneys: License to practice: Fraud upon court: Withholding information that applicant has been indicted.*

An applicant for admission to the bar of this state who withholds from the Board of Law Examiners and from the Justice of this court who issued the order admitting him to practice, information respecting his indictment under the federal Criminal Code for falsely impersonating a United States officer, is guilty of a fraud upon the court, and his certificate of admission will be revoked.

An original proceeding begun in this court upon a petition of the Board of Law Examiners requesting that the name of *Louis Podell* be stricken from the roll of attorneys of this court and his license to practice law in the courts of the state of Wisconsin be revoked and canceled.

It appears that the respondent is a young man twenty-seven years of age, had attended the high school of the city of Milwaukee, completing the tenth grade in the year 1916; that thereafter while employed he began the study of law, attended a night law school for three and one-half years, and on the 31st day of May, 1924, made application to the Board of Law Examiners for permission to take the examination for admission to the bar to be held by the Board in the month of July, 1924; that such application was denied for the reason that applicant had not completed the requisite course of law reading. On May 26, 1925, the respondent requested that his application made in 1924, then on file with the Board, be considered an application to take the examination at the 1925 examination; that his request was granted and he did in the month of July, 1925, take the examination for admission to the bar, and the Board certified that he passed the examination and was qualified to be admitted to the bar of the state of Wisconsin. On August 17, 1925, the respondent presented the certificate of the Board of Law

Examiners to a Justice of the Supreme Court and procured an order authorizing his admission to practice the profession of the law before the Supreme Court and other courts of the state of Wisconsin. Thereupon license was duly issued, and the respondent has since said date been engaged in the practice of the profession of law at Milwaukee in the county of Milwaukee.

It appears from the allegations of the petition and the reply thereto that on February 25, 1925, a warrant was issued for the arrest of *Louis Podell* upon the complaint of William G. Wheeler, assistant United States district attorney, in which it was charged that in violation of section 32 of the Criminal Code of the United States, *Louis Podell* did, with intent to defraud the United States of America, falsely impersonate a United States officer, to wit, a rehabilitation assistant and officer of the Veterans' Bureau. On the same day the respondent was apprehended and brought before the commissioner, hearing was continued to March 7, 1925, at which time witnesses were sworn and examined, and the respondent was held to bail for his appearance before the United States district court for the Eastern district of Wisconsin at the then pending term. He gave cash bail in the amount of $300 for his appearance before the district court. On April 24, 1925, the grand jury returned an indictment which set out in six counts the various legal phases of the offense charged in general language in the complaint. On December 7, 1925, the respondent appeared before the United States district court for the Eastern district of Wisconsin, entered a plea of guilty to the indictment, and was adjudged to pay a fine of $500 to the United States. The respondent admits all of the allegations of the petition, but alleges that he did not know at the time he addressed his letter to the Board of Law Examiners on May 26, 1925, that an indictment had been returned; that "he did not intend to make any representations whatever as to his character, conduct, or reputation nor to conceal by implication

or otherwise any fact which the said Board might desire to know; that at the time of writing said letter this defendant did not have consciously in mind the fact that he was under arrest, and in fact he did not believe at the time of writing such letter that he ever would be prosecuted or that the offense with which he was charged was of a serious nature or involved moral turpitude on his part or that it unfitted him by character for the practice of law."

Respondent further alleges that he has made application for the restoration of citizenship rights and that he has been advised that such application will without doubt receive favorable consideration and action in due course of time. It also appears that information reached the secretary of the Board of Law Examiners of the indictment pending against the respondent on the same afternoon that there was issued to him the license to practice law. It scarcely needs to be said that had the Justice to whom the certificate of the Board of Law Examiners was presented had knowledge of that fact, the order admitting the respondent to practice law in the state of Wisconsin would not have been signed. Upon the filing of the petition an order requiring respondent to show cause why the prayer of the petition should not be granted was served, returnable February 13, 1926. At that time the respondent appeared by counsel. The allegations of the petition being admitted, there remains for consideration only a question of law.

In behalf of the Board of Law Examiners there was a statement by *William Ryan* of Madison.

For the defendant there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Malcolm K. Whyte,* all of Milwaukee.

ROSENBERRY, J. It requires no argument to reach the conclusion that the respondent, in withholding from the Board of Law Examiners and from the Justice of this court to whom he applied for admission, information re-

specting so serious a matter as an indictment for a felony, was guilty of a fraud upon the court. *Matter of Pritchett,* 122 App. Div. 8, 106 N. Y. Supp. 847; *In re Mosher,* 24 Okla. 61, 102 Pac. 705, 24 L. R. A. N. s. 530; *In re Attorney's License,* 21 N. J. L. 345.

It is equally clear that had the Board of Law Examiners or the Justice to whom he applied for admission been apprised of the true situation, neither the certificate of the Board nor of the Justice would have been forthcoming.

Upon the hearing counsel for the respondent urged many matters upon our attention in mitigation of the offense,—the youth and inexperience of the respondent, that the circumstances of the offense were not such as to bring home to him a true appreciation of its real character, and the fact that he had pleaded guilty and satisfied the judgment of the court. The tendency of courts has been in the past at least to leniency rather than severity, a tendency which springs no doubt from the very wide knowledge which lawyers and judges acquire from the practice of the law as to the many frailties of human nature which mankind enjoys in common.

*By the Court.*—After a full and careful consideration of all of the surrounding facts and circumstances, it is the judgment of this court that the license of the respondent to practice law in the state of Wisconsin be and the same hereby is revoked and annulled and the respondent is required to surrender to the clerk of this court the license issued to him and his name is stricken from the roll of attorneys in this court, without prejudice, however, to the right of the respondent, upon showing by satisfactory evidence that he has in the meantime desisted from the practice of law and that he is then of good moral character, to apply to this court for re-admission not earlier than June 1, 1928.

Let entries be made accordingly and a copy of this judgment be served upon the respondent forthwith.