In the Matter of WILLIAM R. KLEIN, an Attorney, Respondent.

First Department, December 7, 1934.

*Millard H. Ellison* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Enos S. Booth*, for the respondent.

FINCH, P. J.   This is a motion in a disciplinary proceeding upon the report of a referee finding the charges sustained against the respondent of having procured his license to engage in the practice of the law by fraudulent representations and concealments before the committee on character and fitness duly appointed by this court.

We sustain the findings of the referee upon the facts for the reasons stated in his careful and helpful report.

This proceeding must be clearly differentiated from one instituted for the punishment of an attorney whose license to practice law was regularly and duly procured.   The charge sustained by the referee is not the performance of some unprofessional act subsequent to a valid admission to the bar, but is a charge that the very admission to the bar of respondent was tainted by fraud and was secured by false representations and concealments.   Therefore, there is involved no question of leniency or severity.   When once it has been proved that respondent secured his admission fraudulently, only one result reasonably can follow, and that is the revocation of the license thus fraudulently obtained.   This distinction between suspension and disbarment on the one hand and the revocation of the license to practice law on the other, is emphasized both in the statutes and the decisions.   Where a duly and regularly licensed attorney commits

an act of professional misconduct, three courses are open, namely, a censure, a suspension, or a disbarment. In a case, however, where a person gains his admission by misrepresentation or concealment, the Appellate Division is authorized to " revoke such admission." (Judiciary Law, § 88, subd. 2.)

In *Matter of Moskovitz* (169 App. Div. 527) the court said: " Under these circumstances his admission to practice was unauthorized by law and was invalid. We are urged to be lenient towards this respondent, but this is not a case for either leniency or severity. The only question is whether respondent's admission to the bar was valid. Obviously it was invalid because he was not properly qualified to apply for admission." (See *Matter of Carpel*, 178 App. Div. 146.)

It has been well held that fraud practiced by an applicant for admission to the bar, which affects even in the slightest degree his admission, strikes at the very foundation of his license to practice. To hold that a person may gain admission to the bar by misrepresentation or suppression of the truth and, if subsequently detected, may then use this fraudulently obtained certificate after a period of suspension, and thus be on a par with one who has rightfully come into the enjoyment of his professional privileges and obligations and thereafter stand upon an equal parity with the latter, would be to cast an aspersion upon every honest member of the profession.

The report of the referee should be confirmed and the license of respondent to engage in the practice of the law revoked.

MERRELL, MARTIN, O'MALLEY and UNTERMYER, JJ., concur.

Admission revoked.