In the Matter of WILLIAM R. KLEIN, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.

Second Department, June 29, 1965.

*Solomon A. Klein,* petitioner in person.

*William Robert Klein,* respondent in person.

*Per Curiam.* After certification by the State Board of Law Examiners on September 22, 1922, respondent's application for admission to the Bar was rejected by the Committee on Character and Fitness for the First Judicial District on October 18, 1923 and again on May 28, 1925. A petition for rehearing was denied in May, 1926, but a third petition for rehearing was granted in November, 1927. On December 17, 1927 respondent was approved by the Character Committee, and on January 8, 1928 was admitted to the Bar by the Appellate Division, First Department.

Thereafter, in a proceeding instituted by the Association of the Bar of the City of New York, hearings were held before an Official Referee who, on February 5, 1934, reported that respondent had made fraudulent representations and concealments before the Committee on Character and Fitness duly appointed by the court in connection with his original application for admission to the Bar. The findings of the Official Referee were sustained, and on December 7, 1934 respondent's license to practice law was revoked (242 App. Div. 494, mot. for lv. to app. den. 270 N. Y. 675). Applications for vacatur of the order of revocation were denied on May 28, 1937 and on December 30, 1942 (265 App. Div. 934).

On May 13, 1953 the respondent made application to the Appellate Division, First Department, for leave to appear before its Committee on Character and Fitness as an applicant for admission to the Bar. The court denied this motion without prejudice to a reapplication in the event respondent again took and passed the Bar examinations. After again passing the Bar examinations, respondent was admitted to the Bar on May 31, 1955 by the said Appellate Division.

By orders made in October, 1963 this court directed the Judicial Inquiry on Professional Conduct in Kings County to inquire into and report with respect to written charges made by respondent and his clients (Ursini) of alleged corruption on the part of

various Justices of the Supreme Court in the Second Judicial Department and by two attorneys in connection with an action in the Supreme Court, Queens County, entitled *Fun Fair Park* v. *Ursini.* The charges were found to be baseless. The Justice presiding at the Additional Special Term of the Supreme Court, Kings County, before whom such inquiry was conducted, found that respondent was guilty of making baseless charges against the Judges and attorneys and of other misconduct.

On December 17, 1964 this disciplinary proceeding was instituted against respondent. The petition alleged that respondent was guilty of the following misconduct:

(a) He contumaciously refused to answer questions as a witness on January 23 and 24, 1964, at the Additional Special Term of the Supreme Court, Kings County, in violation of his duty as a member of the legal profession, and defied the authority of the court to inquire into information within respondent's knowledge relating to the charges of respondent and his clients with respect to the alleged misconduct and corruption on the part of members of the judiciary and members of the Bar, and relating to his conduct as a lawyer, and thereby hindered and impeded the Judicial Inquiry directed by this court;

(b) He contumaciously obstructed and impeded the Additional Special Term by willful failure to appear on November 21, 1963 as a witness under subpœna, and by instructing his client (Ursini) to refuse to testify when the client appeared before the Additional Special Term as a witness pursuant to subpœna;

(c) In an action in the Supreme Court, Queens County, he deceived the court and the third-party defendant by preparing and serving a third-party summons and complaint in the name of an attorney of record for the third-party plaintiff, when in fact the said attorney had not been retained by the third-party plaintiff to prosecute the action and respondent's use of such attorney's name was without the attorney's knowledge or consent;

(d) In October, 1960 respondent solicited legal business from the client of other attorneys in a pending lawsuit and attempted to induce such client to discharge such other attorneys and to retain respondent instead;

(e) In October, 1961 respondent solicited legal business for another attorney;

(f) In October, 1961, without the knowledge or consent of the attorneys for an adverse party in a pending litigation, respondent communicated with such adverse party; and

(g) Despite the fact that respondent had already been retained as attorney for Fun Fair Park, Inc., thereafter, in March, 1964,

he aided in the preparation and filing of a petition by creditors in an involuntary bankruptcy proceeding against said Fun Fair Park, Inc. in the United States District Court for the Eastern District of New York; he gave the creditors legal advice, and prepared papers for execution and filing by such creditors. Thereafter respondent appeared in said bankruptcy proceeding as attorney for the alleged bankrupt and filed an answer to the creditors' petition, denying allegations thereof, which were based upon information furnished by him.

On January 6, 1965 respondent filed an answer in which he alleged " in Bar and Demurrer " that: (1) this court lacks jurisdiction over the subject matter and the person of respondent; (2) the proceeding is in deprivation of his constitutional rights; (3) this court is without authority to initiate or prosecute charges against him; (4) this court should withdraw and transfer the proceedings to another " equal jurisdiction "; (5) there is now pending and undetermined another proceeding at the Bar Association of the City of New York, " of which the present proceeding is in substantial if not complete duplication " which is a bar to the present proceeding; (6) the orders of this court authorizing this proceeding were based on the unlawful and improper appropriation of confidential and privileged communications from him " addressed to and belonging to State Agencies and the Office of the Governor of the State of New York ", and were in " violation of the public policy of the State ", by reason of which the proceeding is barred; (7) this court " did * * * terminate " the proceeding before the service of the order to show cause " and upon prior recorded assurances given duly to respondent and others, that no charges were or would be considered or entertained against this respondent, and did thereby intend, on information and belief, to and did exonerate and relieve this respondent of any disciplinary liability ", by reason of which this proceeding is barred; (8) there is now pending and undetermined a proceeding before the Judicial Conference and its Administrative Board, by reason of which this proceeding is barred; (9) respondent was exonerated of all charges and, " by reason of orders made by this Court in denial of access to and suppression of the records ", this proceeding is barred; (10) this proceeding was maliciously instituted by respondent's adversaries, to defeat the interests of respondent's clients in the pending Fun Fair Park litigation, by reason of which respondent " requests and demands * * * as is usual in disciplinary proceedings ", an adjournment of this proceeding until the determination of the litigation mentioned;

and (11) the petition is insufficient to constitute a statement or notice of charges, or to enable him to answer.

After the service of the " answer " and between February 8, 1965 and April 29, 1965, pursuant to authorization of this court to examine the records of the Judicial Inquiry, the respondent on 32 separate days appeared at its office and there examined the minutes, exhibits and records in its possession pertaining to the charges against him.

The aforesaid " objections " in respondent's " answer " are addressed solely to the jurisdiction of this court over respondent's conduct as an attorney. However, the " answer " does not contain a single denial by him of any of the factual allegations of the petition.

Respondent's claim that this court lacks jurisdiction to discipline him by reason of his admission, residence and maintenance of an office in the First Judicial Department, is without merit. The petition for discipline sets forth numerous acts of misconduct on the part of respondent committed in this Department; his contumacious conduct before, and his obstruction of, the Judicial Inquiry in this Department, and other acts of misconduct in litigation in this Department and in the courts thereof.

None of the " objections " alleged in respondent's answer has merit. None of the charges in the petition for discipline has been denied in fact by respondent.

When an attorney makes baseless written charges against members of the judiciary and members of the Bar; is guilty of contumacious conduct in refusing to testify after subpœna with respect to these charges; advises his client, duly subpœnaed, to refuse to testify when called before a court of inquiry under direction of this court; when he hinders, impedes, and obstructs a Judicial Inquiry directed by this court; when he fraudulently uses the name of another attorney in litigation without the knowledge or authorization of said attorney; when he unlawfully solicits legal business and seeks to interfere with and impair the relationship of client and attorney; when he communicates with an adverse party in litigation knowing that such adverse party had appeared and was represented by other counsel, without the knowledge or consent of the other counsel; and when he undertakes to serve as attorney for both sides in a bankruptcy proceeding pending in court and then takes contrary and inconsistent positions on both sides, he demonstrates such lack of character and fitness as to require his disbarment.

Motion of petitioner to discipline respondent should be granted; and the respondent should be disbarred, effective as of the date of the entry of the order hereon.

Respondent's cross motion to dismiss the petition and for other relief should be denied.

BELDOCK, P. J., UGHETTA, BRENNAN, HILL and RABIN, JJ., concur.

Petitioner's motion to discipline respondent granted; the respondent is disbarred, effective as of the date of the entry of the order hereon.

Respondent's cross motion to dismiss the petition and for other relief is denied.