**In the Matter of William Robert KLEIN a/k/a William R. Klein, an attorney.**

**No. M–2–238.**

United States District Court, S. D. New York, Miscellaneous Division.

Feb. 2, 1976.

William Robert Klein, pro se.

## OPINION

EDELSTEIN, Chief Judge:

Pursuant to Rule 5(d) of the General Rules of this court,[1] William Robert

---

1. Rule 5(d) provides:

(d) Any member of the bar of this court who shall be disciplined by a court in any State, Territory, other District, Commonwealth or Possession, shall be disciplined to the same extent by this court unless an ex-

Klein was disbarred from the Bar of the United States District Court for the Southern District of New York upon the presentation of a copy of a state disbarment order issued by the New York Supreme Court, Appellate Division, Second Judicial Department. Mr. Klein thereafter moved this court for an order vacating its prior order of disbarment. This opinion is occasioned by that motion.

■ The issue presented to the court by Mr. Klein's motion is a narrow one: whether an examination of the record of the state proceeding discloses that the procedure "was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." [2] Such a disclosure would preclude this court from following the state determination.[3] The court has examined the entire record of the state court proceedings and has considered the arguments presented by Mr. Klein in his papers and in open court.[4] Mr. Klein's motion is denied.

The state disciplinary proceedings against Mr. Klein were commenced on December 16, 1964, by petition and order to show cause. The petition alleged that Mr. Klein was guilty of seven specific acts of misconduct.[5] Mr. Klein respond-

---

amination of the record resulting in such discipline discloses (1) that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not consistently with its duty accept as final the conclusion on that subject; or (3) that the imposition of the same discipline by this court would result in grave injustice; or (4) that the misconduct established has been held by this court to warrant substantially different discipline.

Upon the presentation to the court of a certified or exemplified copy of the order imposing such discipline, the respondent attorney so disciplined shall, by order of the court, be disciplined to the same extent by this court, provided, however, that within 30 days of the service upon the respondent attorney of the order of this court disciplining him, either the respondent attorney or a bar association designated by the chief judge in the order imposing discipline may apply to the chief judge for an order to show cause why the discipline imposed in this court should not be modified on the basis of one or more of the grounds set forth in this Paragraph (d). . . .
Rules of the United States Courts for the Southern and Eastern Districts, New York, General Rule 5(d).

2. *Id.*

3. *Id.; Selling v. Radford,* 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917); *Theard v. United States,* 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957).

4. Mr. Klein accepted an invitation of the court to appear and address the grounds supporting his motion in open court.

5. The petition alleges:

(a) Respondent's contumacious refusals to answer questions as a witness on January 23, 1964 and on January 24, 1964 at the Additional Special Term of the Supreme Court, Kings County, violated his inherent duty and obligation as a member of the legal profession and his duty to be candid and frank with the Court; and defied and flouted the authority of the Court to inquire into and elicit information within respondent's knowledge relating to respondent's charges and the charges of his clients Ursini of alleged misconduct and corruption upon the part of members of the Judiciary and members of the Bar, and relating to his conduct and practices as a lawyer. By his contumacious refusals to answer the aforesaid questions the respondent hindered and impeded the Judicial Inquiry directed by this Court into the charges made by respondent and his clients as aforesaid.

(b) That in addition to and wholly apart from respondent's contumacious refusals to testify, respondent wilfully and contumaciously obstructed and impeded the Additional Special Term by a course of conduct deliberately calculated to delay and mislead the Court sitting at such Additional Special Term, by his wilful failure to appear on November 21, 1963 as a witness under subpoena pursuant to the direction of the Justice presiding at such Additional Special Term, and by instructing his client, John R. Ursini, to refuse to testify as a witness when said John R. Ursini appeared before the Additional Special Term as a witness pursuant to subpoena.

(c) In an action in the Supreme Court, County of Queens, respondent deceived the Court and Lloyd's London, a third-party defendant therein, by preparing and serving a third-party summons and complaint in the

ed by papers "answering . . . and in bar" of the proceeding which raised various legal arguments but which did not deny any of the acts of misconduct alleged in the petition.

On June 29, 1965, an order and opinion of the Appellate Division were issued disbarring Mr. Klein from the New York Bar.[6] The opinion recites the history of the proceedings to date, that Mr. Klein's papers failed to deny any of the charges raised in the petition, and that his legal objections are without merit. The opinion then concludes:

When an attorney makes baseless written charges against members of the Judiciary and members of the Bar; is guilty of [acts of misconduct listed in the petition], he demonstrates such lack of character and fitness as to require his disbarment.[7]

It should be noted that the first listed basis of the court's conclusion that Mr. Klein should be disbarred—making baseless written charges against members of the judiciary and of the bar—was not

included in the petition giving notice to Mr. Klein of the charges which were being brought against him.

The order of disbarment itself, of the same date, recites the history of the case and then, before actually ordering disbarment, states:

Now on reading and filing the petition verified the 16th day of December, 1964, affidavits . . . and the answer of respondent and affidavit . . . and all the papers filed herein . . . *and upon the per curiam opinion of this court, dated June 29, 1965 heretofore filed and made a part hereof,* and due deliberation having been had thereon:

It is Ordered . . . .[8]

Mr. Klein moved to vacate the order in the Appellate Division stating, *inter alia,* that he had never received notice of the charge of making baseless written charges.[9] His motion was granted to the extent of permitting him to serve an amended answer and referring the matter to a referee for the conducting of hearings and the rendering of a written

name of William Weintraub, as attorney of record for the third-party plaintiff, when in fact William Weintraub had not been retained by third-party plaintiff to prosecute its action and the use of his name as such attorney was without the knowledge or consent of the said William Weintraub.

(d) Respondent in or about October, 1961, solicited legal business of Harry L. Gilman and attempted to induce said Harry L. Gilman to discharge his attorneys in a pending action and to retain respondent in their stead.

(e) Respondent in or about October, 1960, solicited legal business for Robert S. Long, an attorney, and attempted to induce Seville Iron Works, Inc., a corporation, to retain Robert S. Long as their attorney, in the prosecution of an action.

(f) Respondent in or about October, 1961, when appearing for a party in pending litigation communicated upon the subject of the pending controversy with an adverse party to the litigation then represented by counsel without the knowledge or consent of the attorneys for said adverse party.

(g) Prior to March, 1964, respondent had been retained as attorney for Fun Fair Park, Inc. In the period between March 8, and

March 18, 1964, respondent aided in the preparation and filing of a petition by creditors in an involuntary bankruptcy proceeding in the District Court of the United States, Eastern District of New York, entitled "In the Matter of Fun Fair Park, Inc., Alleged Bankrupt," and further aided the petitioning creditors in the prosecution of the bankruptcy proceeding by rendering to them legal advice, and by preparing and delivering to such creditors legal papers which were executed and filed by them with the Clerk of said District Court. Following the aforesaid conduct by respondent, he thereafter appeared as attorney for the alleged bankrupt, and filed an answer to the petition of the creditors, denying certain allegations thereof based upon information furnished by him.

6. *Klein v. Klein,* 23 A.D.2d 356, 262 N.Y.S.2d 416 (1965).

7. *Id.* at 360, 262 N.Y.S.2d at 420.

8. In the Matter of William Robert Klein, Order of Disbarment (June 29, 1965) at 2 (emphasis added).

9. Affidavit of William Robert Klein ¶ 19 at 5 (July 30, 1965).

report.[10] The order of disbarment was never vacated.

Mr. Klein also appealed the original disbarment order and decision to the New York Court of Appeals. That court affirmed the Appellate Division's decree, stating that Mr. Klein had received an opportunity to be heard but had not raised any triable issues.[11] The granting in part by the Appellate Division of Mr. Klein's motion, wrote the court, "assured [him] of an additional opportunity to be heard." [12] Regarding the question of notice, the court stated that the order of disbarment:

> as its recitals demonstrate, was predicated solely on the charges contained in the petition and . . . we have disregarded the intimations in the Appellate Division's opinion that the appellant made "baseless written charges against members of the judiciary and members of the Bar" in view of the fact that the petition does not contain such a charge.[13]

This court notes that the disbarment order, the relevant portions of which have been set forth above, does not indicate that only the charges specified in the petition serve as the basis of the order and does state that the order is based upon and incorporates the opinion of the court.

The United States Supreme Court denied certiorari.[14]

Hearings were conducted before a referee pursuant to the Appellate Division's decision. After unsuccessfully moving for the disqualification of the referee Mr. Klein absented himself from the hearings even after being advised by the referee that the hearings would be continued in Mr. Klein's absence.[15] The referee heard evidence presented *ex parte* and determined that three and one-half of the seven charges in the petition were supported by the evidence.[16] His report was confirmed by the Appellate Division in an opinion which also denied Mr. Klein's renewed motion to vacate the order of disbarment.

 Mr. Klein now contends that the state court order upon which this court's order was predicated is constitutionally defective since (1) it was entered without notice of all of the charges upon which it was based and (2) it was entered without any opportunity to be heard.[17]

---

10. *Matter of Klein*, 24 A.D.2d 726 (1965), *appeal dismissed*, 17 N.Y.2d 729, 216 N.E.2d 840, 269 N.Y.S.2d 978 (1966).

11. *Klein v. Klein*, 18 N.Y.2d 598, 219 N.E.2d 194, 272 N.Y.S.2d 372 (1966), *motion for reargument denied*, 25 N.Y.2d 735 (1969), *motion to amend remittitur granted*, 26 N.Y.2d 961, 259 N.E.2d 476, 311 N.Y.S.2d 4 (1970).

12. *Id.* at 600, 219 N.E.2d at 194, 272 N.Y.S.2d at 373.

13. *Id.* at 600–01, 219 N.E.2d at 194–95, 272 N.Y.S.2d at 373.

14. *Klein v. Klein*, 385 U.S. 973, 87 S.Ct. 511, 17 L.Ed.2d 436 (1966), *petition for rehearing denied*, 385 U.S. 1032, 87 S.Ct. 740, 17 L.Ed.2d 680, *motion for leave to file second petition for rehearing denied*, 388 U.S. 925, 87 S.Ct. 2103, 18 L.Ed.2d 1380 (1967).

15. Tr. of October 17, 1966 at 99–100.

16. The referee found the evidence supported part of charge (a) and charges (c), (f), and (g).

17. Mr. Klein also claims that (1) the judgment of disbarment is defective in form; (2) that a report filed in the United States District Court for the Eastern District of New York by the United States Attorney resulted in the dismissal of an action seeking his federal disbarment on the basis of his state disbarment; and (3) that when the underlying charges were reduced in number from eight to three and one-half the order was never reversed and the discipline never reconsidered by the Appellate Division.

Mr. Klein's first additional claim is apparently without merit and is in any event not an appropriate ground under Rule 5(d). His second claim is both inappropriate under 5(d) and misleading. The proceeding for federal disbarment was dismissed by Judge Dooling *without prejudice* after the United States Attorney withdrew from the case. Judge Dooling's opinion of June 25, 1969 stated that the "*prima facie* validity of the state disbarment and the utter and manifest unsoundness of the . . . due process and other procedural contentions would make any other course in-

■ Mr. Klein's two grounds can be considered together. His assertion that the original state order apparently was based upon a charge of conduct not included in the petition is correct. He was denied therefore the specific notice which he was guaranteed by federal law.[18] Moreover, to the extent that without notice of one charge he was unable to respond to that charge in any manner in which he chose, he was denied an opportunity to be heard at least as to that charge.[19] That right also was federally guaranteed.[20]

■ The question presented to this court is whether subsequent proceedings in the state courts in any way mitigated or repaired the defects in the original order. Mr. Klein argues that even though the Appellate Division allowed him to serve an amended answer and ordered that hearings be conducted that the underlying order itself was never vacated, that that original order is the predicate of the federal disbarment, and

that if the original order is defective the federal order must be vacated.

■ The court cannot accept Mr. Klein's position. The court does not believe that the Appellate Division's decision to allow an amended answer and to refer the matter for hearings was an empty act and not a good faith attempt to provide Mr. Klein with a full opportunity to meet the then clearly-defined charges against him. It would be a gross elevation of form over substance[21] to conclude at this juncture that the state proceeding was so lacking in notice and opportunity to be heard as to require that this court not give effect to the order of disbarment.

Mr. Klein's motion is denied. In deciding to give effect to the state court proceedings this court is not endorsing the procedures employed by the state courts. All this court decides today is that the state proceedings were not so offensive to due process as to require this court to treat the state disbarment as a nullity.

compatible with the interests of justice." *In, the Matter of the Application to Discipline William Robert Klein,* 65 M 811. Mr. Klein's remaining claim is neither appropriate nor persuasive. He argues that the practice in New York when less than all of the underlying charges of a disbarment order are found by the Court of Appeals to be unsustainable is to reverse the judgment and remand the case to the Appellate Division for a reconsideration of appropriate discipline. When the Appellate Division confirmed the referee's report and dismissed several of the charges contained in the petition Mr. Klein was entitled, he argues, at that point to a reconsideration of the appropriate discipline.

Because the case was before the Appellate Division upon the motion to confirm remand was neither possible nor necessary. Regarding whether or not that court reconsidered its earlier determination upon the motion to confirm since it dismissed several charges of the original petition, confirmed others, and at the same time adjudicated Mr. Klein's motion to vacate, this court can confidently assume that the Appellate Division did consider whether to

modify Mr. Klein's discipline and determined that disbarment was appropriate.

18. *In re Ruffalo,* 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968). *See also N.Y.Jud.Law* § 90 ¶ 6 (McKinney 1968).

19. It would appear that Mr. Klein did have an opportunity to be heard as to the charges stated in the petition but that his failure to deny any of the allegations constituted an admission of their truth under state law. *See, e. g., In re Severino,* 28 A.D.2d 547, 280 N.Y.S.2d 221 (1967). In any event, all of the charges were contestable in the hearings before the referee.

20. *Selling v. Radford,* 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917). *See also N.Y. Jud.Law* § 90 ¶ 6 (McKinney 1968).

21. Mr. Klein's only claim of prejudice is that the order of disbarment cast a cloud upon his credibility in the hearings before the referee. This court has no basis for concluding that the referee, an experienced member of the Bench, would have treated the evidence presented to him differently than he would have had the reference been made after a vacation of the order.