(156 App. Div. 85.)

## In re SINGER.

(Supreme Court, Appellate Division, First Department. April 4, 1913.)

ATTORNEY AND CLIENT (§ 40*)—DISBARMENT—ADMISSION FRAUDULENTLY OBTAINED.

An attorney who has procured his admission to the bar by his personal false affidavit as to his term of service in a law office, so as to entitle him to the examination and use the false affidavit of an attorney for the same purpose, will be disbarred.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 58; Dec. Dig. § 40.*]

Disbarment proceedings against William Bernard Singer. Disbarment ordered.

See, also, 152 App. Div. 885, 136 N. Y. Supp. 1148.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City, for petitioner.
George Edw. Joseph, of New York City, for respondent.

INGRAHAM, P. J. The respondent is charged with fraud and deceit in the proceedings by which he was admitted to practice as an attorney and counsellor at law of the state of New York, in that he presented to the state board of law examiners an affidavit verified June 3, 1909, in which he stated that he had served a regular clerkship in the law offices of one Martin Zatulove, 309 and 350 Broadway, New York City, from June 28, 1906, to February 27, 1909. This service in a law office not being sufficient to justify the respondent in being examined at the June examination, he filed another affidavit with the law examiners, verified October 4, 1909, in which he made the same statement as to his clerkship:

"That he has served a regular law clerkship in the law offices of a practicing attorney of the Supreme Court in this state after the age of eighteen years, to wit, in the law office of Martin Zatulove at 309 and 350 Broadway, New York City, N. Y., from the 28th day of June, 1906, to the 27th day of February, 1909. * * * That during the entire period of such clerkship, except during the state vacation time, the applicant was actually employed by the said attorneys as a regular law clerk and student in said office, and under the attorney's direction and advice was engaged in the practical work of the office during the usual business hours of the day."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

He also presented with each of these affidavits an affidavit of Zatulove, one verified June 7, 1909, one verified September 28, 1909, which stated that the respondent had served the clerkship in the office of the affiant from June 28, 1906, to February 27, 1909. Those statements were absolutely false. The relator served a clerkship with Zatulove from June, 1906, to September or October, 1906, and thereafter was never in the employ of Zatulove. He claims to have served clerkship in the offices of other lawyers from September, 1906, to February, 1909, but none of these attorneys were produced before the referee. Respondent admits the truth of the charges, and the only excuse is that he took Zatulove's advice, and, acting thereunder, committed perjury. This, of course, is no excuse. Not only did he use Zatulove's false affidavit, but he himself committed perjury in the affidavit he presented to the state board of law examiners. If the truth had been stated in these affidavits, the respondent would not have been admitted to the examination, and consequently could not have been admitted to practice. This is not a case for the discipline of an attorney, but that of a person who has obtained his admission to practice by perjury, fraud, and deceit, and he cannot therefore be permitted to remain a member of the profession.

The respondent is therefore disbarred. All concur.