In the Matter of ALFRED HUGHES, an Attorney, Respondent.

First Department, July 3, 1919.

**Attorney at law — disbarment — fraudulent concealment, upon application for admission from a foreign State, of disbarment and conviction of crime in said State — jurisdiction of court in disciplinary proceedings — effect of conviction of misdemeanor.**

Attorney at law disbarred for fraudulently concealing upon his application for admission from a foreign State the fact that he had been disbarred in said State for falsely qualifying as a surety and for obtaining an order for a fee upon false representations and also that he had been convicted in said State of the crime of petit larceny in retaining money intrusted to him by a client.

Upon disciplinary proceedings the Appellate Division cannot review the question whether or not an attorney had been justly convicted of a crime.

Conviction of a misdemeanor authorizes disciplinary action, although it does not require *ipso facto* disbarment as does conviction for a felony.

DISCIPLINARY proceeding instituted by the Richmond County Bar Association.

*L. W. Widdecombe,* for the petitioner.

Respondent in person.

CLARKE, P. J.:

The respondent was admitted to practice as an attorney and counselor at law on motion at a term of the Appellate Division, First Department, in June, 1896. It is charged in the petition that the respondent has been guilty of misconduct as an attorney and counselor at law, as follows:

(a) In verifying and submitting to this court his affidavit, verified the 5th day of June, 1896, wherein he alleged that he was admitted to all the courts of the State of Maryland as an attorney and counselor at law, and in not setting forth therein, or in any other papers submitted on his application for admission to the bar in this State, or calling to the attention of this court on such application, the fact that he had been disbarred by the Supreme Bench of Baltimore city and his name stricken from the roll of attorneys.

(b) That on or about the 11th day of April, 1917, he was convicted in the Court of Special Sessions held in and for the borough of Richmond, city of New York of the crime of petit larceny on the complaint of one Meyrowitch, charging the retention from said Meyrowitch of thirty-five dollars.

In September, 1886, the respondent was admitted to practice in the city of Baltimore, Md., and on or about the 31st day of January, 1889, was admitted to practice in the Court of Appeals of Maryland. In the Supreme Bench of Baltimore city, charges were preferred against him by the Bar Association of said city, and thereon the following order was made: "Alfred Hughes, Attorney at Law, having been charged with unprofessional conduct in falsely qualifying as a surety upon a Trustee's bond for $36,000, filed in the Supreme Court of Baltimore City, and with unprofessional conduct in obtaining from the Circuit Court of Baltimore City an order for a fee of $400 upon false representations, and the said charges appearing from the testimony at the trial to have been substantially proved, it is this 27th day of April, 1896, by the Supreme Bench of Baltimore City, ordered, that the said Alfred Hughes be, and he is hereby disbarred, and his name is hereby stricken from the roll of attorneys of Baltimore City."

Shortly thereafter the respondent moved to the city of New York and applied for admission to the bar. On his affidavit verified on the 5th day of June, 1896, he said: "that in 1889 he was admitted to practice in all the Courts of the State of Maryland as an attorney and counsellor at law as appears by certificate hereto annexed; that he was an active practitioner before the highest Court of that State for more than five consecutive years thereafter." He also submitted a certificate of the clerk of the Court of Appeals of Maryland, dated February 14, 1895, about ten months prior to his disbarment by the Supreme Bench at Baltimore, certifying that on the 31st day of January, 1889, respondent was admitted as an attorney of said court, and as such is entitled to practice the law in any of the courts of this State; and a letter from the chief judge of the Court of Appeals of Maryland, dated May 19, 1896, a few weeks after his disbarment as aforesaid, addressed to the respondent, stating: " I beg to state that

your name appears upon the roll of attorneys entitled to practice before the Court of Appeals of this State, and to my personal knowledge you have been a member of the Bar of that Court for more than five years past in good standing; and I am personally aware of nothing to impeach your good moral character, you having been in actual practice before this Court for more than five years past."

There was also submitted from Ira D. Warren, a member of this bar, now deceased, a communication addressed to this court under date of June 5, 1896, as follows: " I have been acquainted with Mr. Alfred Hughes for only a short time but from inquiries made regarding him I believe him to be a man of good moral character and in good standing at the Bar in Maryland."

Upon said papers an order was made admitting the respondent to practice in this State.

The respondent claims that he met the technical requirements of the rule for admission of attorneys from other States on motion in force in June, 1896;* that his disbarment by the Supreme Bench in Baltimore city, where he resided and practiced his profession, did not affect his standing at the bar, his moral character, or his fitness for admission here, because he had never been stricken from the rolls of the Court of Appeals of Maryland. He claims to have submitted the facts to Mr. Warren, who moved his admission, and was advised by him that he technically complied with the rules and that there was no necessity of disclosing said facts to this court. Mr. Warren being dead, it is impossible to test that statement. There is but one conclusion possible, either that the respondent did not disclose the facts to Mr. Warren, or else that Mr. Warren conspired with him to conceal said facts and by such concealment obtained his admission to the bar. They were most material facts. The charges upon which he had been found guilty and disbarred by the Supreme Bench at Baltimore demonstrated his professional unfitness. He had been found guilty of unprofessional conduct in falsely qualifying as a surety upon a trustee's bond, and of unprofessional conduct in obtaining from the court an order for

---

[    * See Ct. App. Rules, Admiss. Attys., etc. (1896), rule 2.— [REP.

a fee of $400 upon false representations. That fact being known to the court, he could not have been admitted to practice in this State by this court then or at any time since it has been in existence.

The certificate of the Court of Appeals of Maryland made some ten months before his application here stated that he was entitled to practice the law in any of the courts of said State. That was not true at the time it was presented to this court for its action thereon, for he had been disbarred from all the courts in the city of Baltimore in the State of Maryland. A plain case is presented of *suppressio veri*, and his admission was obtained by the perpetration of a fraud upon the court.

At the time of the respondent's application for admission it was provided in section 56 of the Code of Civil Procedure, as amended by chapter 946 of the Laws of 1895: "Any fraudulent act or representation by an applicant in connection with his application or admission shall be sufficient cause for the revocation of his license by the Appellate Division of the Supreme Court granting the same." And subdivision 2 of section 88 of the Judiciary Law (Consol. Laws, chap. 30 [Laws of 1909, chap. 35], as amd. by Laws of 1913, chap. 720), now in force, provides: " The Appellate Division of the Supreme Court is hereby authorized to revoke such admission for any misrepresentation or suppression of any information in connection with the application for admission to practice."

In *Matter of Pritchett* (122 App. Div. 8) the respondent had been admitted to practice by this court as having practiced for three years as an attorney and counselor at law in the State of Maryland. He suppressed the fact that he had been convicted upon an indictment and disbarred by a court in Baltimore. This court said: " The respondent knew that if this fact had been disclosed he would not have been admitted to practice. * * * It is clear that this was fraud or deceit in the proceedings by which he was admitted to practice, and that for this fraud and deceit he must be disbarred. No evidence could possibly change this record, for even if he was unjustly convicted and unjustly disbarred in Maryland, and the pardon of the Governor restored him to his full rights as a citizen, and conceding that injustice was done by his

conviction in Maryland, there is still the conceded fact that he obtained his admission to the bar in this State by papers which carefully omitted a disclosure of the facts which had relation to the practice of his profession in Maryland, and that he was, therefore, guilty of fraud and deceit in the proceedings in which he was admitted to the bar."

In *Matter of Leonard* (127 App. Div. 493), in disbarring the respondent, this court held that there was no Statute of Limitations as affecting such a proceeding, and " it was certainly within the power of the Legislature to say that no one should remain a member of the profession who had obtained his admission by fraud or deceit practiced upon the court that admitted him."·

In *Matter of Kristeller* (154 App. Div. 556) the respondent upon his admission had procured the affidavits of two attorneys that he was of good moral character, and answered the usual questions as to his record, in which there was no statement of any criminal charge against him. He suppressed the fact that he had been convicted upon indictment for perjury and had served his sentence. This court said: " The fact of such conviction was intentionally concealed from the court when the respondent made his application for admission to practice, and the fact of his prior conviction of a felony which was concealed from the court upon his admission requires his disbarment."

In *Matter of Singer* (156 App. Div. 85) the respondent was disbarred for having obtained his admission upon a false certificate of clerkship.

In *Matter of Carpel* (178 App. Div. 146), where the respondent had been a member of this bar for twelve years, having been admitted upon motion as a practicing attorney of the State of Pennsylvania, this court said, after stating that the power to admit to the bar on motion was in February, 1905, conferred in the discretion of an Appellate Division: " In the exercise of that discretion, the court should be informed truthfully and frankly of matters tending to show the character of the applicant and his standing at the bar of the State from which he comes. The finding of indictments against him, one of which was still outstanding at the time of his motion, were facts which should have been submitted to the court, with

such explanations as were available. Silence respecting them was reprehensible as tending to deceive the court."

As to the second specification, it is undisputed that the respondent was convicted by the Court of Special Sessions of petit larceny in retaining a sum of money intrusted to him by a client for the specific purpose of settling a judgment which had been obtained against that client. The respondent claims that he was unjustly convicted. That question cannot be reviewed by us in this proceeding. The character of the offense of which he stands convicted touches him in his professional capacity and conviction of a misdemeanor authorizes disciplinary action, although it does not require *ipso facto* disbarment as does conviction for a felony.

Upon a careful review of all the testimony and the report of the learned official referee, we approve of his findings that the charges have been sustained. Respondent is, therefore disbarred.

DOWLING, SMITH, PAGE and PHILBIN, JJ., concurred.

Respondent disbarred. Order to be settled on notice.