In the Matter of THOMAS F. COUGHLIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 21, 1983

APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to practice in the Second Department in 1973, and has maintained an office for the practice of law since then within the First Department. He is charged herein with professional misconduct, for which petitioner has recommended a six-month suspension. Appearing *pro se* throughout the disciplinary proceedings and investigation, respondent has failed to respond to the instant petition for suspension.

The charges stem from respondent's having been retained in 1974 for the purpose of completing legal work in connection with the estate of the late Herbert Martin. After investigation and hearings, petitioner found that

respondent had inexcusably failed to conclude and wind up the estate, and thus was guilty of neglecting a matter entrusted to him, in violation of DR 6-101(A)(3) of the Code of Professional Responsibility. During a hearing on this initial charge in 1981, respondent was reprimanded for his lack of co-operation with petitioner in the investigation of this matter, specifically with regard to his careless treatment of a judicial subpoena duces tecum. The formal charge of failure to co-operate with petitioner was dismissed when respondent represented to the hearing panel that, if not discharged by his client, he would wind up and conclude the administration of the estate as expeditiously as possible. Respondent was not immediately discharged, but instead was requested by the client to wind up and conclude the administration of the estate. Nevertheless, respondent still failed to do so, and was thereupon discharged and was requested to transfer his files in the matter to new counsel. Petitioner has found that respondent unreasonably delayed the transfer of those files, and indeed never did personally deliver the files to new counsel. Instead he left them in a store across the street from new counsel's office with instructions to deliver them to the lawyer, without advising the new lawyer of such procedure. Respondent testified that delivery was made in this fashion because the new lawyer's office had not yet opened early in the morning.

This conduct by respondent since the committee's last investigation was the basis of a new complaint filed by the client. Respondent ignored two requests by petitioner for a written response to the complaint, and also ignored a judicial subpoena duces tecum, personally served upon him, which directed his appearance at petitioner's office in furtherance of investigation of these latest charges.

Petitioner has concluded that in addition to neglecting the matter entrusted to him, in violation of DR 6-101(A)(3), respondent is also guilty of failing to co-operate with petitioner in its investigation of the complaint of professional misconduct, which is a violation of DR 1-102(A)(5) (conduct by an attorney that is prejudicial to the administration of justice). Finally, respondent's conduct in regard to the 1982 investigation, especially in the light of the 1981

proceedings, led petitioner to conclude that respondent was engaged in misconduct adversely reflecting on his fitness to practice law, in violation of DR 1-102(A)(6).

We agree with the findings and conclusions in the petition. Respondent's default in responding to the instant petition, which was personally served upon him, is further evidence of his inability to explain or justify his failure to discharge his responsibility to his profession in respect to the estate he had been retained to conclude and wind up.

The committee has recommended that respondent be suspended for six months. However in our view suspension for one year is well warranted.

Accordingly, respondent is suspended from the practice of law for a period of one year from the date of this court's order and until further order of the court.

SANDLER, J. P., SULLIVAN, SILVERMAN, FEIN and MILO-NAS, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of one year effective July 21, 1983, and until the further order of this court.