*515 OPINION OF THE COURT

Per Curiam.

Although the Appellate Divisions are vested with power and control over attorneys and counselors at law and may censure, suspend from practice, or remove from office lawyers guilty of professional misconduct or other specific acts of malfeasance, they have no authority under subdivision 2 of section 90 of the Judiciary Law to issue an order which purports to suspend an attorney pending determination of charges under consideration before a Departmental Disciplinary Committee.
In the case of the attorney before us, following a complaint by a former client to the Departmental Disciplinary Committee for the First Department, she appeared before counsel for the committee to answer questions on April 7, 1982. Thereafter, on June 3, 1982 she was served with a notice and statement of charges — one of improper conduct with respect to client’s funds and the other of giving false testimony to the committee’s counsel. After the attorney had filed an answer denying both charges, a hearing panel of the committee conducted extended hearings consuming almost a year and terminating on July 11, 1983. On the last day of the hearings the chairman of the panel announced to her that the charges had been sustained, issued an oral reprimand, and stated that the panel was going to recommend to the Appellate Division that she be disbarred. No further action had been taken, however, no formal findings had been prepared or adopted by the panel, and no application for the institution of disciplinary proceedings looking to disbarment had yet been made to the court when, on October 5,1983, counsel for the disciplinary committee successfully moved in the Appellate Division to suspend the attorney until the matter, then still pending before the committee, was completed.
A finding by the court that an attorney “is guilty” of professional misconduct or of one of the other statutorily specified acts is a prerequisite to interference with the attorney’s right to practice his or her profession.* Without *516 such an adjudication of guilt by it, made on the basis of evidence and exhibits, if any, produced at the panel hearings (which are not shown by the record to have been before the court in this instance), the action of the Appellate Division in granting the committee’s request was premature. The informal conclusion by a panel of the disciplinary committee with respect to wrongdoing was no substitute for the judicial determination required by the statute before the significant disciplinary measure invoked in this case could be imposed. In the normal progress of attorney disciplinary matters the court’s determination of guilt of the offending lawyer occurs only after the findings rendered by a panel or referee have been confirmed on motion on which the attorney has an opportunity to submit argument challenging the findings or in mitigation of the offense or offenses, or both.
The contention made by counsel for the committee in our court that a finding of misconduct by the Appellate Division in this instance may be presumed from the fact of the issuance of its order must be rejected in the absence of any reference thereto in the court’s order, the absence of any recital of the basis on which such a finding could have been made, and the explicit reference to the continuing pendency of the matter before the disciplinary committee.
For the reasons stated, the order of the Appellate Division should be reversed, without costs, the suspension vacated, and the motion of the Departmental Disciplinary Committee denied.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order reversed, etc.

 Subdivision 2 of section 90 of the Judiciary Law provides in relevant part: “2. The supreme court shall have power and control over attorneys and counsellors-at-law and all persons practicing or assuming to practice law, and the appellate division of the *516 supreme court in each department is authorized to censure, suspend from practice or remove from office any attorney and counsellor-at-law admitted to practice who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice”.