In the Matter of RICHARD PIKNA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 1984

### APPEARANCES OF COUNSEL

*James R. Cohen* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Richard Pikna,* respondent *pro se.*

### OPINION OF THE COURT

PER CURIAM.

Respondent was admitted to the practice of law by the Second Judicial Department on October 24, 1973 and has maintained offices in this department during the periods referred to herein. In this proceeding to discipline him, petitioner moves for an order directing that respondent be suspended as an attorney and counselor at law in the State of New York, until such time as the matters herein are concluded and until further order of this court. The motion is granted.

Respondent is charged with professional misconduct, in that he failed to cooperate with the Departmental Disciplinary Committee's investigation into five complaints against him, including his failure to comply with a judicial

subpoena duces tecum, in violation of 22 NYCRR 603.15 (e); and in that he filed a false and fraudulent application for admission to the Bar by suppressing relevant information as to his fitness and character in violation of subdivision 2 of section 90 of the Judiciary Law.

Petitioner asserts that five complaints against respondent have been filed since September 8, 1983. Each complaint alleges that respondent has misappropriated client's funds or has otherwise breached his fiduciary responsibilities. Although respondent ultimately appeared for examination under oath, pursuant to a subpoena duces tecum issued by this court, he failed to produce his complete files and records, including escrow account transactions, relating to the complaints. He claimed that many of his records had been misplaced during the relocation of his office. He denied the allegations of misappropriation and assured petitioner that the records, which he promised to produce by March 7, 1983, would support the defenses to those complaints. He did not produce the records, as promised, and has offered no explanation for his failure so to do. Additionally, during his appearance, he refused to answer questions regarding certain of the complaints, asserting both the attorney/client privilege and his privilege against self incrimination. He has failed to respond at all to yet another complaint filed against him.

Respondent has an obligation to cooperate with the Departmental Disciplinary Committee in the investigation of complaints alleging professional misconduct and a duty to comply with process issued by this court. (*Matter of Coughlin,* 95 AD2d 64; *Matter of Becker,* 92 AD2d 531.) His failure to do so without explanation or justification persuades that such failure is willful and deliberate and is misconduct sufficient to warrant suspension. (*Matter of Pierce,* 71 AD2d 1036, 1037.)

Moreover, the allegation that respondent filed a false and fraudulent application for admission to the practice of law in this State stands uncontroverted and is supported by the copy of his application filed with the Second Department on October 4, 1973. His failure to reveal that he had been admitted to and disbarred from the Canadian Bar, effectively concealed that information from the Committee

on Character and Fitness and the Appellate Division of the Second Department, and suppressed information relevant to his qualifications, character and fitness. The uncontroverted evidence of such conduct establishes respondent's professional misconduct and warrants his suspension pending further order of this court. (See Judiciary Law, § 90, subd 2; *Matter of Hughes,* 188 App Div 520; *Matter of Nuey,* 61 NY2d 513.)

Accordingly, respondent is suspended from the practice of law.

KUPFERMAN, J. P., ASCH, SILVERMAN, MILONAS and ALEXANDER, JJ., concur.

Motion granted and respondent suspended from practice as an attorney and counselor at law in the State of New York, effective May 24, 1984, until certain matters presently pending before the petitioner are resolved and until the further order of this court.