(July 20, 1984)

■ In the Matter of TIMOTHY KOVE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Petitioner commenced a disciplinary proceeding against respondent in March of this year charging him with neglect of an estate, directing payment of an executor's commission without court approval, and failing to cooperate with petitioner in its investigation. Respondent, who was admitted to practice in this department in 1963 and maintains an office for the practice of law in the City of Albany, initially failed to answer the petition thus necessitating its personal service upon him (22 NYCRR 806.5). After respondent filed an "answering affidavit" on May 7, petitioner moved for an order declaring that no factual issues were raised by respondent's affidavit and fixing a time at which he could be heard in mitigation or otherwise (*id.*). Respondent failed to appear on this motion and petitioner's application was granted on June 18. Respondent appeared before the court on June 28 and was heard in mitigation. ¶ The initial inquiry regarding respondent's neglect of the estate was received by petitioner in June, 1983. Thereafter, petitioner undertook an investigation of the matter and, when respondent failed to answer its inquiries, an application was made to this court for an order directing his examination. Respondent supplied some information to petitioner and the application was withdrawn.

Respondent was subsequently requested to provide additional information but again failed to do so. A second application for a court-ordered examination was made by petitioner in October, 1983. This application was granted and respondent appeared for examination on November 4, 1983. At this time respondent advised the committee he would prepare the necessary paper work to complete the estate within 10 days and would provide petitioner with copies of the papers filed. Respondent again failed to comply and on December 1, 1983 he was advised that the matter would be presented to petitioner at its December meeting. Nothing further was heard from respondent and petitioner subsequently determined that he should be personally admonished for his conduct. Although respondent was directed to appear before petitioner on January 27, 1984 to receive the admonition, he failed to appear at that time. The instant disciplinary proceeding was then commenced. As noted at the outset, it has previously been determined that no factual issues were presented by respondent's answering affidavit to the petition and his misconduct, as alleged therein, is therefore deemed established. ¶ Respondent's underlying misconduct in the estate matter is not condoned by the court. However, it is not especially serious and had he promptly provided petitioner with the information it requested in furtherance of its investigation and thereafter endeavored to complete the estate, the matter could have been concluded by the imposition of private discipline by petitioner. Instead, respondent failed to provide the requested information thus necessitating applications to this court for his examination, and failed to make any attempt to wind up the estate although given time to do so. He thereafter failed to appear for the admonition directed by petitioner and then failed to timely answer the petition of charges served upon him, although he claims these omissions were not willful. Finally, respondent made no reply to petitioner's application for a declaration that no factual issues were presented by his answering affidavit to the petition. Although respondent did appear before the court on June 28, he offered no real explanation for his actions. ¶ The cavalier attitude evinced by respondent's repeated failures to cooperate with petitioner in its investigation of the estate inquiry is most disturbing to the court. It is well established that an attorney is obligated to cooperate with petitioner in its investigation of alleged misconduct and the failure to do so constitutes misconduct (see, e.g., *Matter of Casey*, 75 AD2d 664). Respondent here engaged in a course of conduct which frustrated petitioner's resolution of the underlying inquiry and necessitated the commencement of a disciplinary proceeding. With respect to the estate matter, we are advised respondent recently filed a proposed accounting with the Surrogate. However, due to certain errors and omissions in the papers, a final decree has not yet been issued and the estate remains open. ¶ Under all of the circumstances, we conclude respondent should be censured for his misconduct. In reaching this result, we caution respondent that his failure to promptly resolve the estate matter may subject him to further charges and that any similar dereliction or failure to cooperate with petitioner in the future will require a more severe penalty. ¶ Respondent censured. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.