In the Matter of ALFRED LICATO (Admitted as ALFRED DE F. LICATO), an Attorney, Petitioner. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Respondent.

First Department, November 8, 1984

### APPEARANCES OF COUNSEL

*Gilbert S. Rosenthal* for petitioner.

*Joseph Rosenberg* of counsel (*Michael A. Gentile,* attorney), for the Departmental Disciplinary Committee for the First Judicial Department.

### OPINION OF THE COURT

*Per Curiam.*

By order of this court dated February 11, 1966, entered upon the filing of an affidavit and consent executed by petitioner on January 31, 1966, petitioner was disbarred and his name struck from the roll of attorneys and counselors at law.

Petitioner was admitted to practice in this department on June 26, 1941. From 1949 and until his resignation in August of 1964, he had been Chief Deputy Commissioner, Assistant Chief Executive Officer and Head Hearing Commissioner of the New York State Liquor Authority. He resigned during an investigation of corrupt practices in the Authority. That investigation

resulted in his being indicted for taking unlawful fees, first degree perjury and criminal contempt. He pleaded guilty to two counts of conspiracy to take unlawful fees as a misdemeanor, and one count of criminal contempt as a misdemeanor. He was sentenced to concurrent terms of one-year imprisonment on each count and served eight months of that sentence.

In July, 1982, petitioner sought reinstatement pursuant to section 603.14 of the rules of this court (22 NYCRR). He pointed out that more than 15 years had elapsed since his disbarment. During that time he had been employed as a liquor salesman. He argued that since his release from confinement he had "successfully and honorably rehabilitated" himself and asserted that the "basic problems that resulted in [his] indictment have been solved and [he did] not believe that [he had] any remaining problems that would adversely affect [his] admission to the New York Bar and functioning as an attorney and counseler [sic] at law." Various letters attesting to his good character and integrity were submitted. The Departmental Disciplinary Committee asked that it be designated as referee to hear and report on petitioner's present fitness and character to practice law, asserting that it was not then possessed of sufficient information to oppose or not oppose the reinstatement application.

Petitioner's application was denied by order dated November 9, 1982.

Petitioner again moves for reinstatement, or in the alternative, for reargument and/or renewal of our prior order in "light of [our] recent opinion in the *Matter of William N. Mairs, Jr.*", or for an explanation of our denial of his prior application. The Departmental Disciplinary Committee notes that less than 18 months have elapsed since the denial of the prior application and that no new facts are set forth in the moving papers. The Committee again requests that it be designated as referee to hear and report on the applicant's present fitness and character to practice law.

Section 603.14 (b) of the rules of this court conditions the grant of an application for reinstatement, *inter alia,* upon the "applicant establish[ing] * * * by clear and convincing evidence that * * * he possesses the character and general fitness to practice law". On such application the rule permits consideration of the misconduct for which the applicant was originally disbarred.

As he did on his prior application, petitioner fails to address the misconduct that led to his disbarment other than to assert, in conclusory manner, as pointed out above, that "the basic

problems that resulted in [his] indictment have been solved and [he did] not believe that [he had] any remaining problems that would adversely affect [his] admission to the New York Bar."

Additionally, petitioner fails to demonstrate the existence of any valid basis for a grant of reargument of his prior application. Reargument "is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided" (*Foley v Roche,* 68 AD2d 558, 567). No claim is made, nor indeed, could any validly be made, "that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law."

In point of fact, the sole basis advanced for this reapplication is that the court should reconsider its prior order denying reinstatement "in the light of the recent opinion * * * in the *Matter of William N. Mairs, Jr.*" (see 102 AD2d 146). In *Mairs,* the court found that an issue of fact existed as to whether or not petitioner had made adequate efforts to make restitution of the converted funds, which issue could only be resolved at a hearing. The hearing would also address the issue of petitioner's claim to alcoholism during the period in which client's funds were converted. The dissenters in main would have a hearing because of an inadequate demonstration that "restitution has been effected". The court pointed out that if reinstatement applications are permitted and must be entertained, "then in most cases the applicant should be entitled to a hearing" (*Matter of Mairs, supra,* p 149). However, this statement must be read in connection with the implicitly qualifying language at page 150, viz., "[a]s long as the rules permit reinstatement in such cases [disbarment for conversion of client's funds and/or upon conviction of a felony]; then due process must afford a hearing in an *appropriate case involving genuinely disputed factual issues*" (emphasis added).

It is manifest here, considering the reasons for which petitioner was disbarred that there is not even a prima facie showing of fitness and character to practice law. Thus, no hearing is warranted.

KUPFERMAN, J. (dissenting). The Judiciary Law provides for an application for reinstatement after seven years. (Judiciary Law, § 90, subd 5, par b.)

In the case of *Matter of Mairs* (99 AD2d 692), we provided on reargument (102 AD2d 146) for a hearing before the Departmental Disciplinary Committee.

In this case, counsel for the Disciplinary Committee asks that the matter be referred for a hearing in accordance with the *Mairs* determination.

In *Matter of Nuey* (61 NY2d 513), the Court of Appeals recently emphasized the need for a hearing before suspension. Perhaps the same approach should apply on reinstatement. Accordingly, I dissent and would direct that a hearing be held as requested by the Departmental Disciplinary Committee.

MURPHY, P. J., ASCH and ALEXANDER, JJ., concur; KUPFERMAN and FEIN, JJ., dissent in an opinion by KUPFERMAN, J.

Motion for reinstatement and request for a hearing denied.