In the Matter of SAMUEL U. WISEMAN (Admitted as SAMUEL ULRICH WISEMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 27, 1984

### APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

*Per Curiam.*

The petitioner, Departmental Disciplinary Committee, seeks an order suspending the respondent from the practice of law until such time as the matters herein are concluded or until further order of this court.

The respondent was admitted to practice by the First Department on December 16, 1963, and presently maintains an office herein. The petitioner is investigating two complaints lodged against the respondent that allege his mishandling of client's funds. Petitioner asserts that respondent has failed to cooperate with its investigation, and thus, that he should be suspended. Respondent has failed to respond to the petition and is in default.

Respondent is charged in the first complaint with having failed to properly segregate and disburse escrow funds entrusted to him. The second complaint charges that he has failed to return escrow funds deposited with him. It appears from the uncontroverted allegations of the petition that respondent has failed to maintain a separate escrow account, has commingled client's funds with his personal business funds and has failed to fully account for the management of escrow funds entrusted to him which he apparently invested in certificates of deposit.

This court issued subpoenas in respect to each of the complaints when respondent failed to respond forthrightly to letter requests from petitioner. Those subpoenas directed production of respondent's records of his escrow account and a complete record of his handling of the funds of his clients. Respondent has failed to produce records of an escrow account into which the funds which are the subject of the initial complaint against him were deposited. In respect to the second complaint, he has failed to produce records that would adequately explain his handling of other escrow funds entrusted to him by a second client or to account for the income earned by or disbursements made in respect to those funds which he apparently invested in certificates of deposit. Respondent's failure to produce his records and to explain his handling of his client's funds has continued over months and has effectively impeded petitioner's investigation into these complaints. Moreover, as pointed out above, respondent has failed to respond to the petition herein, despite having been given an extension of time within which to do so.

We have previously said that an attorney has an "obligation to cooperate with the Departmental Disciplinary Committee in the investigation of complaints alleging professional misconduct and a duty to comply with process issued by this court. (*Matter of Coughlin,* 95 AD2d 64; *Matter of Becker,* 92 AD2d 531.) His failure to do so without explanation or justification persuades that such failure is willful and deliberate and is misconduct sufficient to warrant suspension (*Matter of Pierce,* 71 AD2d 1036, 1037.)" (*Matter of Pikna,* 101 AD2d 588, 589.)

Respondent's failure to cooperate with the Departmental Disciplinary Committee's investigation into the complaints against him and his failure to respond forthrightly to the subpoenas issued by this court all without explanation or justification is misconduct, and his default on this application warrants his temporary suspension from the practice of law.

Accordingly, the motion is granted and respondent is suspended from the practice of law, pending further order of this court.

SULLIVAN, J. P., ROSS, CARRO, MILONAS and ALEXANDER, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York, effective December 27, 1984, and until the further order of this court.