In the Matter of JOHN J. LYNCH (Admitted as JOHN JOSEPH LYNCH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 13, 1986

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner, Departmental Disciplinary Committee, seeks an order temporarily suspending respondent from the practice

of law on account of his willful failure to cooperate with the petitioner's investigation of a complaint of professional misconduct made against him, until such time as that matter is concluded or until further order of this court. Respondent has failed to respond to the petition, denominated a motion, and is in default.

The respondent, John J. Lynch, was admitted to practice by the First Judicial Department on October 2, 1952, and maintained an office for the practice of law at 170 Broadway in Manhattan during the period referred to herein.* On May 22, 1956, respondent was appointed committee of the person and estate of Spero Petouses. On June 3, 1971, Mr. Petouses was declared competent, and respondent was ordered to file an account for judicial settlement or to obtain a receipt and release after return of all Mr. Petouses' property. Respondent did not comply with the court's order.

The complainant, Mr. Petouses, alleges that as of May 1970 he had over $40,000 on account at various New York banks, that after he was declared competent respondent periodically assured him that the money was still on deposit and he should not worry. Mr. Petouses discovered in 1984 that respondent had closed his law office in 1981, and had closed out all the bank accounts he had maintained in trust for Mr. Petouses.

Respondent has failed to respond to three letters from the petitioner requesting an explanation of the aforesaid complaint and warning him of the consequences of his failure to cooperate, and has also failed to respond to a judicial subpoena duces tecum issued by this court directing him to produce his records concerning his tenure as committee for the complainant. We have repeatedly observed that an attorney has an obligation to cooperate with an investigation by the Departmental Disciplinary Committee into a complaint alleging professional misconduct, and a duty to comply with process issued by this court. "His failure to do so without explanation or justification persuades that such failure is willful and deliberate and is misconduct sufficient to warrant suspension." (Matter of Pikna, 101 AD2d 588, 589; Matter of Wiseman, 105 AD2d 148, 149.)

Moreover, respondent, by failing to deny the allegations in

---

* Respondent is not the John J. Lynch who practices with the law firm of Barrett Smith Shapiro Simon & Armstrong at 26 Broadway in Manhattan.

the petition now before us, which if true demonstrate his willful failure to cooperate with the petitioner's investigation, is deemed to have admitted these allegations. (CPLR 3018 [a].) There is, accordingly, no factual issue requiring a fact-finding determination on that charge. *(Cf. Matter of Nuey,* 61 NY2d 513; *see,* Judiciary Law § 90 [4] [h].)

Respondent is hereby found guilty of professional misconduct upon the facts set forth above. The motion to suspend respondent pending determination of the charge of conversion, or until further order of this court, is accordingly granted.

SANDLER, J. P., SULLIVAN, FEIN, KASSAL and ROSENBERGER, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective April 14, 1986, pending determination of the charge of conversion, and until the further order of this court.