In the Matter of JEROME LOUIS SPIEGELMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 29, 1986

## APPEARANCES OF COUNSEL

*Patricia Smillie-Scavelli* of counsel *(Michael A. Gentile,* attorney), for petitioner.

No appearance on behalf of respondent.

## OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee (Committee) seeks an order temporarily suspending respondent from the practice of law based upon his willful failure to cooperate with the Committee's investigation of multiple complaints of professional misconduct made against him, until such time as the matters are concluded, or until further order of this court. Respondent has failed to respond to the application and is in default.

Respondent was admitted to practice in the Second Judicial Department on January 18, 1961, and has, at all relevant times, maintained an office for the practice of law in the First Judicial Department. The Committee has, to date, received 23 complaints concerning the respondent. The more recent of these complaints include allegations that respondent's law office has been closed and his telephone disconnected. The complaints also allege, *inter alia,* fraud, misrepresentation, conversion, deceit, and dishonesty. The Committee has obtained subpoenas from this court directing respondent to attend before petitioner and produce books and records relating to his handling of certain funds received by him. At the request of respondent the return dates of these subpoenas were adjourned five times, covering a period of four months. The Committee, in connection with the latest adjournment, advised respondent, in writing, that should he fail to appear on the adjourned date, an application would be made for his immediate suspension from the practice of law, based upon his failure to cooperate with the investigation. The instant motion was made when respondent failed to appear in response to the subpoena on the latest adjourned date. No application had been made by him for a further adjournment. We have been advised, by letter from an attorney representing respondent in criminal proceedings, that respondent has recently been incarcerated, pending trial, on charges growing from matters involved in petitioner's inquiry.

We have repeatedly observed that an attorney has an obligation to cooperate with an investigation by the Depart-

mental Disciplinary Committee into a complaint alleging professional misconduct, and a duty to comply with process issued by this court. "His failure to do so without explanation or justification persuades that such failure is willful and deliberate and is misconduct sufficient to warrant suspension" *(Matter of Pikna,* 101 AD2d 588, 589 [1st Dept 1984]; *Matter of Wiseman,* 105 AD2d 148, 149 [1st Dept 1984]).

Respondent, by failing to deny the allegations in the application now before us, which demonstrate his willful failure to cooperate with the Committee's investigation, is deemed to have admitted these allegations. (CPLR 3018 [a].) There is, therefore, no issue of fact which would require a hearing for its determination. Based upon the foregoing, we find it to be proven that the respondent has willfully failed to cooperate with the Committee's investigation of complaints of professional misconduct made against him. This court's duty to move promptly to protect the public could not be more plain.

*Matter of Nuey* (61 NY2d 513 [1984]) does not require a different result. Nuey had appeared at a hearing, contested the charges, and opposed the motion to suspend. The proceedings before the Committee had commenced, but not concluded. There had been no formal finding of misconduct. The Court of Appeals (p 516) found the suspension premature stating: "The informal conclusion by a panel of the disciplinary committee with respect to wrongdoing was no substitute for the judicial determination required by the statute before the significant disciplinary measure invoked in this case could be imposed." The court went on to state (p 516): "The contention made by counsel for the committee in our court that a finding of misconduct by the Appellate Division in this instance may be presumed from the fact of the issuance of its order must be rejected in the absence of any reference thereto in the court's order, the absence of any recital of the basis on which such a finding could have been made, and the explicit reference to the continuing pendency of the matter before the disciplinary committee." In the instant case there can be no question that the finding of misconduct by this court is made upon our finding of fact, after notice to the respondent and an opportunity to be heard having been afforded to him.

The fact that the instant application was brought on by way of motion, rather than petition, is not significant in the circumstances. The rules of this Department (22 NYCRR 603.4 [d]) state that: "the committee shall institute disciplinary proceedings in this court". There is no requirement in that

rule, or any other, that such proceedings be denominated a "petition". The moving paper was properly verified and gave the respondent full notice of the allegations in more complete form than would be required for a petition. Indeed, it is hard to say that due process requires more by way of form when respondent has received all that due process could give him by way of substance *(see also,* CPLR 103 [c]).

For the foregoing reasons, respondent is hereby found guilty of professional misconduct. The motion to suspend respondent temporarily, pending determination of the charges, or until the further order of this court, is granted, and chief counsel to the Departmental Disciplinary Committee is appointed to inventory respondent's files pursuant to 22 NYCRR 603.13 (g).

WALLACH, J. (dissenting). The court "temporarily" suspends respondent from the practice of law upon the basis of a finding of professional misconduct. Such a finding can only be made in the context of disciplinary proceedings *(Matter of Nuey,* 61 NY2d 513; Judiciary Law § 90 [6]). The instant application (instituted on papers denominated a motion, not a petition as disciplinary proceedings are supposed to be [22 NYCRR 603.4 (d)]) cannot be deemed disciplinary proceedings. Under the Committee's own rules, which were promulgated by this court (22 NYCRR 603.4 [b]), the Committee cannot make application to the court for censure, suspension or disbarment, i.e., institute disciplinary proceedings, until it has first completed its own "Formal Proceedings" *(see,* Rules and Procedures of the Departmental Disciplinary Committee of App Div, 1st Dept §§ 1.7, 2.6 [b]; § 3.28 [d] [2]; § 3.38). Formal proceedings are designed to afford an attorney facing censure, suspension or disbarment an opportunity to be heard by the Committee in a fully adversarial setting *(see generally,* Rules and Procedures of the Departmental Disciplinary Committee, First Judicial Department, ch III). It is only upon the basis of the record made at such formal proceedings that the court may censure, suspend or disbar (22 NYCRR 603.4 [d]). No such record being before the court—indeed, upon the papers before the court, it does not appear that formal proceedings have ever been instituted against respondent—discipline may not be imposed. At least in *Matter of Nuey (supra),* formal proceedings were on the verge of completion; even so, the imposition of discipline was reversed as "premature". The Committee's remedy, if any, is an order holding respondent in contempt for failure to comply with the subpoenas. Accordingly, the motion should be denied.

KUPFERMAN, J. P., SANDLER, ASCH and ROSENBERGER, JJ., concur; WALLACH, J., dissents in an opinion.

Motion granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective as of the date of this court's order, all as indicated therein.