In the Matter of HAROLD GOODSTEIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 6, 1986

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Louis J. Profera* of counsel), for petitioner.

*Gerald L. Lotto* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on

March 27, 1957. In this proceeding to discipline the respondent, the petitioner moves to confirm in part and disaffirm in part the report of the Special Referee and the respondent cross-moves to confirm said report.

The respondent was charged in this proceeding with five allegations of professional misconduct. Charge one alleged that after respondent was retained to represent a wife in a divorce action and was paid a legal fee of $400, he had a summons and complaint served upon the husband and thereafter neglected the matter for three years, making it necessary for the client to retain new counsel. Charge two alleged that respondent failed to cooperate with the petitioner Grievance Committee in its investigation of the complaint which forms the basis of charge one. Charge three alleges that respondent failed to cooperate with the Suffolk County Bar Association Grievance Committee and the petitioner Grievance Committee in their respective investigations of a complaint by the husband in the aforementioned divorce action. Charge four alleged that after the respondent was retained to represent a client in a personal injury action he neglected said matter resulting in the running of the Statute of Limitations. Charge five alleged that respondent failed to cooperate with the petitioner Grievance Committee in its investigation of the complaint which forms the basis of charge four.

The Special Referee sustained charges one, two and five and failed to sustain charges three and four.

After reviewing all the evidence, we are in agreement with the findings contained in the report of the Special Referee to the extent that it sustained charges one, two and five. With respect to charge three, the respondent admitted at the hearing that he failed to respond to three letters, one from the Suffolk County Bar Association Grievance Committee and two from the petitioner Grievance Committee. He also failed to submit a response to the complaint until after he was twice subpoenaed by the petitioner herein. Under these circumstances, respondent should be found to have failed to cooperate as alleged in charge three. As to charge four, the respondent admitted at the hearing that he had been retained, that the client had requested the return of her file, that numerous letters were sent to the respondent instructing that the file be turned over to the new attorney, and that respondent had promised to send the file, indicated that he had sent the file, but failed to do so. These admissions coupled with the evidence in the entire record leads this court to conclude that the

charge should be sustained. We find the respondent guilty of all five charges of professional misconduct. The petitioner's motion to confirm in part and disaffirm in part the Special Referee's report is granted and the respondent's cross motion is denied insofar as it sought to confirm the Special Referee's dismissal of charges three and four.

In determining an appropriate measure of discipline to be imposed, we are mindful of the respondent's previously unblemished record, the fact that the Special Referee found that respondent "showed complete remorse" as well as the other mitigating circumstances advanced by the respondent at the hearing.

Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of one year effective November 1, 1986, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.