■ In the Matter of ANTHONY P. ADANG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—In this attorney disciplinary proceeding, petitioner Committee on Professional Standards charges respondent with professional misconduct as a result of his failure to cooperate with petitioner in its investigation of inquiries filed against him. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1973 and currently maintains a law office in Saratoga Springs.

The single charge against respondent is detailed in three specifications. Each specification alleges that petitioner sent respondent a client inquiry with a request that respondent furnish a reply within 20 days. In each instance, respondent failed to reply within the time period specified and petitioner was required to send him a second letter advising that if a reply was not received within seven days an application would be made to this court for an order directing respondent's examination *(see,* 22 NYCRR former 806.4 [b]). Respondent eventually submitted replies to these inquiries with the result that one complaint was withdrawn and the other two were determined to be without merit.

The petition charges that by his delay in answering these inquiries, respondent engaged in conduct violative of DR 1-102 (A) (5), (6) of the Code of Professional Responsibility.*

Following the filing of respondent's answer, which denied commission of any professional misconduct, petitioner moved for an order declaring that no factual issues were presented by the pleadings (22 NYCRR 806.5). In his affidavit in opposition to this motion, respondent stated that although the facts alleged in the petition were not disputed, they did not, as a matter of law, constitute failure to cooperate with petitioner since only "minimal tardiness" in responding to petitioner's inquiries was demonstrated.

By decision dated November 21, 1986, petitioner's motion was granted amd respondent was afforded an opportunity to be heard in mitigation or otherwise. Respondent's attorney

---

* DR 1-102 (A) (5), (6) provides that a lawyer shall not "[e]ngage in conduct that is prejudicial to the administration of justice" or "[e]ngage in any other conduct that adversely reflects on his fitness to practice law."

subsequently appeared before the court and presented an argument in mitigation.

In granting petitioner's motion for judgment on the pleadings, this court determined that respondent's repeated delays in answering the client inquiries submitted to him by petitioner constituted misconduct. We would but observe that respondent's unexplained delays of three weeks, two weeks and five weeks, respectively, in answering these inquiries amounted to more than "minimal tardiness" and obviously impeded petitioner's attempts to promptly investigate these matters.

We again reiterate that an attorney is obligated to cooperate with the committee in its investigation of alleged misconduct and that the failure to do so constitutes misconduct *(Matter of Kove,* 103 AD2d 968, 969). Moreover, this court has consistently sustained charges of failure of cooperation against attorneys where they have failed to timely answer inquiries forwarded them by the committee without good cause *(see, e.g., Matter of Casey,* 75 AD2d 664, 665).

Finally, we note that respondent has a history of failure of cooperation with petitioner and has in fact been privately disciplined for similar misconduct on three occasions since 1984.

In view of the foregoing, we conclude that respondent should be censured for the instant misconduct.

Respondent censured. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.