In the Matter of Gene CRESCENZI,
An Attorney.

Misc. 82–0376.

United States District Court,
E.D. New York.

Nov. 1, 1988.

Application for Stay Denied
Nov. 18, 1988.

On Motion for Stay and for
Reargument Dec. 8, 1988.

MEMORANDUM AND ORDER

GLASSER, District Judge:

An order suspending Mr. Crescenzi from the practice of law was made and entered by the Appellate Division, First Department of the Supreme Court of the State of New York on October 5, 1982. Based upon that order, he was also suspended by the United States Court of Appeals for the Second Circuit. The Appellate Division denied Mr. Crescenzi's motion to vacate its order of suspension on December 23, 1982 and on September 22, 1983 denied his motion to modify its order to direct that he be examined by a psychiatrist. On July 26, 1984 the Appellate Division again denied a motion to vacate the order of suspension which Mr. Crescenzi contended was mandated by *Matter of Nuey*, 61 N.Y.2d 513, 474 N.Y.S.2d 714, 463 N.E.2d 30 (1984).

On March 14, 1985 the Appellate Division denied a motion to disbar Mr. Crescenzi but enjoined him from disclosing on his letterhead that he was a counselor-at-law, permitting him to disclose only that he was admitted to practice in the United States District Courts for the Eastern and Southern Districts of New York. On January 14, 1986 the Appellate Division again denied a motion to disbar Mr. Crescenzi but granted the motion of the Departmental Disciplinary Committee to inventory his files and take such action as that Committee deemed proper to protect the interests of his clients. On April 21, 1988, Mr. Crescenzi was disbarred by the Appellate Division upon motion of the Departmental Disciplinary Committee. An appeal from that order was filed by Mr. Crescenzi, *pro se* on May 9, 1988. On July 12, 1988 the appeal was dismissed. 72 N.Y.2d 906, 532 N.Y.S. 2d 752, 528 N.E.2d 1225 (1988). On September 15, 1988, motion for reargument was denied. 72 N.Y.2d 953, 533 N.Y.S.2d 60, 529 N.E.2d 428. On June 15, 1988 Mr. Crescenzi's name was stricken from the roll of attorneys of the United States Dis-

---

trict Court for the Southern District of New York.

In response to an order to show cause why his name should not be stricken from the rolls of the United States District Court for the Eastern District of New York, Mr. Crescenzi appeared with counsel on September 24, 1988 and a hearing was held. Mr. Crescenzi informed the court of his unsuccessful attempts to have vacated the order of October 5, 1982 suspending him from the practice of law, to which references have been made above. Frustrated by his lack of success, he felt it necessary to "collaterally attack" that order. He sought to do that by violating it, appearing on behalf of several clients in administrative and state court proceedings. His defiance of the order of suspension resulted in the order of April 21, 1988 disbarring him.

■ Mr. Crescenzi's position, asserted at the hearing, was that the imposition of discipline by this court would result in grave injustice. See Rule 4(g)(3) of the Rules of the United States District Courts for the Southern and Eastern Districts of New York. That assertion is bottomed upon the same arguments he had presented in his failed attempts to vacate the order of suspension. Mr. Crescenzi's assertion is not persuasive and pursuant to Rule 4 the Clerk of the Court is directed to strike his name from the role of attorneys of this court.

■ The Appellate Division permissibly' re-affirmed the solemnity of its order by. disbarring Mr. Crescenzi when he elected to defy it. The governing principle is clear and has been forcefully announced in the past. In *Howat v. Kansas*, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550 (1922), a Kansas court punished persons for refusing to obey an injunction. They claimed a right to defy the court's order upon the ground that the state statute supporting the injunction was unconstitutional. In approving the action of the state court, the Supreme Court said:

> An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action, ... must be obeyed ... however

erroneous the action of the court may be, even if the error be in the assumption of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected and disobedience of them is contempt of its lawful authority, to be punished.

258 U.S. at 189–90, 42 S.Ct. at 280–81. Mr. Crescenzi was not at liberty to ignore the order of the Appellate Division and continue to represent clients in his capacity as a lawyer. "[R]espect for judicial process is a small price to pay for the civilizing hand of law, which alone can give abiding meaning to constitutional freedom." *Walker v. City of Birmingham*, 388 U.S. 307, 321, 87 S.Ct. 1824, 1832, 18 L.Ed.2d 1210 (1967).

He has, at this writing, now pursued his claim to the highest court of the State without success. No "grave reason" exists "which should convince us that to allow the natural consequences of the [state court] judgment to have their effect would conflict with the duty which rests upon us not to disbar...." *Theard v. United States*, 354 U.S. 278, 282, 77 S.Ct. 1274, 1277, 1 L.Ed.2d 1342 (1957).

SO ORDERED.

### ON MOTION FOR STAY AND FOR REARGUMENT

The respondent has moved for a stay and for reargument, rehearing and reconsideration of an order striking his name from the roll of attorneys of this court. The respondent has also filed a notice of appeal from that order with the United States Court of Appeals for this circuit. It is well settled that the filing of a notice of appeal terminates the jurisdiction of the district court. *See, e.g. Armstrong v. Board of School Directors*, 616 F.2d 305, 327 (7th Cir.1980); *Ryan v. U.S. LInes Co.*, 303 F.2d 430 (2d Cir.1962); *Johnson v. Scully*, 563 F.Supp. 851, 877 (E.D.N.Y.1983). Should the information received by the court as to the

filing of a notice of appeal be erroneous, then the motion is denied for the reason that there are neither controlling decisions nor other matters that have been overlooked. The motion is, therefore, dismissed without prejudice.

SO ORDERED.