■ In the Matter of BRIAN P. FARLEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. Per Curiam.—Respondent was admitted to the Bar by this court in 1980 and maintains an office for the practice of law in the City of Albany.

The petition commencing this disciplinary proceeding contains four charges of misconduct which essentially allege that respondent neglected a client matter and thereafter failed to cooperate with petitioner in its investigation of the client's complaint. It is also alleged that respondent failed to comply with court rules and a directive of petitioner. By decision dated October 3, 1989, this court granted a motion by petitioner for an order declaring that no factual issues were presented and fixing a time at which respondent could be heard in mitigation or otherwise (see, 22 NYCRR 806.5). Respondent subsequently appeared by counsel and was heard on the issue of mitigation.

The origin of the charges against respondent lies in his representation of one Theresa M. Boisseau, who retained him in July 1985 to represent her in a divorce action. Thereafter,

Mr. Boisseau's attorney forwarded to respondent a verified complaint and proposed stipulation. Respondent failed to serve an answer or have Mrs. Boisseau execute the stipulation despite repeated requests from Mr. Boisseau's attorney. In October 1987, Mrs. Boisseau discharged respondent and, thereafter, she filed an inquiry with petitioner complaining of the representation provided by him. Such inquiry caused petitioner to request respondent to submit a written response thereto, which respondent failed to do in a timely manner. Petitioner again requested that respondent submit a response and warned that his failure to timely do so would necessitate its obtaining a subpoena directing his examination under oath. Respondent again failed to comply, and petitioner obtained a subpoena securing his attendance at a hearing which was conducted on January 11, 1989. At that hearing, respondent stated that he would search his office for correspondence relating to the Boisseau action and that he would, within one week, advise petitioner of the results of his search. When he failed to do so, petitioner made a further request of him on February 9, 1989, with which request respondent finally complied.

Shortly thereafter, petitioner advised respondent by letter of his obligation, pursuant to section 806.4 (e) of this court's rules (22 NYCRR 806.4 [e]), to reimburse it for the stenographic expense incurred in connection with the January 11, 1989 hearing. Respondent failed to reply to this letter and to a follow-up letter sent by petitioner. It was not until this proceeding was commenced that respondent finally paid the amount in question.

Based upon respondent's conduct described hereinabove, petitioner initially determined that it would admonish respondent both orally and in writing (see, 22 NYCRR 806.4 [c]). Petitioner advised respondent, inter alia, that the oral admonition would be personally delivered to him on April 28, 1989 and that if he failed to appear at such time, petitioner would institute a proceeding in this court. Respondent did not appear, nor did he contact petitioner to explain his failure to appear. Accordingly, petitioner commenced this proceeding.

On the issue of mitigation, respondent submits that neither Mrs. Boisseau nor petitioner suffered any actual prejudice as a result of his conduct and that he never intentionally acted in a manner contrary to the interests of Mrs. Boisseau or petitioner. Respondent explains that his failure to appear to accept the oral admonition by petitioner was the result of certain emotional problems he was experiencing at the time.

It is apparent that respondent's misconduct is deserving of the imposition of discipline by this court. While his neglect of the Boisseau matter is not insubstantial, we take this opportunity to express our particular displeasure with respondent's apparent disregard of the authority of petitioner. Pursuant to this court's rules, petitioner has been delegated the duty to, *inter alia,* investigate all matters involving alleged misconduct by attorneys within this department *(see,* 22 NYCRR 806.3). To countenance the actions of an attorney who has continually failed to cooperate with petitioner in its investigation of a complaint would effectively abridge the ability of petitioner to carry out the duty which this court has delegated to it. Accordingly, after considering the facts and circumstances of this matter and respondent's disciplinary record, which includes a prior admonition by petitioner, we conclude that a public censure is in order.

Respondent censured. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.