(December 15, 1989)

■ In the Matter of MICHAEL A. FEIT, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the Bar by this court in 1966. He maintains an office for the practice of law in the City of Albany.

The sole charge of misconduct contained in the petition commencing this disciplinary proceeding is that respondent has failed to cooperate with petitioner in its investigation of inquiries concerning him. After respondent answered the petition, petitioner moved pursuant to section 806.5 of this court's rules (22 NYCRR 806.5) for an order declaring that no factual issues were presented and fixing a time at which respondent could be heard in mitigation or otherwise. By decision dated November 14, 1989, petitioner's motion was granted. Thereafter, respondent's attorney appeared before the court and was heard on the issue of mitigation.

The facts underlying the misconduct charge against respondent are undisputed. By letter dated January 23, 1989, petitioner forwarded to respondent the inquiry of one Anthony Palermo that had been filed with it and asked him to furnish a written reply within 20 days. Respondent failed to reply within such time period, prompting petitioner to send respondent a second letter advising that, if his reply was not received within seven days, it would apply to this court for a subpoena directing his examination under oath (see, 22 NYCRR 806.4 [e]). Respondent failed to respond until he appeared at a hearing pursuant to subpoena. The balance of the instant misconduct charge concerns prior disciplinary action taken against respondent by petitioner. On May 2, 1986, respondent received from petitioner a letter of admonition for, inter alia, failing to cooperate with it in its investiga-

tion of the inquiry of one Verna M. John, requiring petitioner to obtain an order directing respondent's appearance to be examined under oath. On May 4, 1987, petitioner issued respondent a letter of admonition for failure to cooperate with it in its investigation of the renewed inquiry of John in which it was again required to obtain a subpoena compelling respondent's testimony under oath. On February 26, 1988, respondent received from petitioner a third letter of admonition, together with an oral admonition, for failure to cooperate in the investigation of an inquiry filed by one Frederick J. Parker. Once again, respondent's failure to cooperate necessitated the procurement of a subpoena directing his appearance for examination under oath.

Respondent raises several factors in mitigation, including the fact that he was in the midst of terminating a long-term marriage during the period in question. Additionally, he has submitted several letters of reference attesting to his good character.

We take this opportunity to reiterate and to emphasize this court's expectation that attorneys will provide complete cooperation with petitioner in its investigation of alleged misconduct. The failure to do so constitutes misconduct in and of itself and will be met with the imposition of discipline by this court *(Matter of Farley,* 155 AD2d 715; *Matter of Adang,* 127 AD2d 884; *Matter of Kove,* 103 AD2d 968; *see, Matter of Goodstein,* 119 AD2d 324; *Matter of Spiegelman,* 116 AD2d 346; *Matter of Lynch,* 115 AD2d 70; *see generally,* Annotation, *Failure to Co-operate With or Obey Disciplinary Authorities as Ground for Disciplining Attorney—Modern Cases,* 37 ALR4th 646). For this court to conclude otherwise would seriously diminish the ability of petitioner to carry out its delegated duty to investigate all matters involving alleged misconduct by attorneys within this department *(Matter of Farley, supra,* at 717 [slip opn p 2]; *see,* 22 NYCRR 806.3) Under all of the circumstances herein, including respondent's above-recited disciplinary history of failing to cooperate with petitioner, we conclude that respondent should be censured for the instant misconduct.

Respondent censured. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.