■ JANICE A. LONG, Respondent, v STEPHEN T. LONG, Appellant. [722 NYS2d 151] —Order, Supreme Court, New York County (Laura Drager, J.), entered August 16, 2000, which denied defendant's motion for summary judgment dismissing the complaint in this matrimonial action and directed defendant to pay plaintiff's attorneys' fees relating to the motion, and order, same court and Justice, entered October 4, 2000, which denied defendant's motion to amend his answer, directed defendant and his counsel to pay monetary sanctions for frivolous motion practice and granted plaintiff's cross motion seeking reimbursement for the costs of the motion, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered October 30, 2000, which, insofar as appealable, denied defendant's motion to renew, unanimously dismissed, without costs, as abandoned.

Defendant's motion for summary judgment dismissing the complaint upon the ground that the jurisdictional requisites for the action had not been satisfied since neither party had resided in New York during the year immediately preceding the action's commencement (*see*, Domestic Relations Law § 230), was properly denied. In his answer to the complaint, defendant did not deny, and therefore admitted the allegations of the complaint (*see*, CPLR 3018; *Matter of Lynch*, 115 AD2d 70) that he had resided in New York during the statutorily relevant one-year period. Moreover, defendant, without raising any jurisdictional defense, in his answer requested the court to grant plaintiff a divorce and determine the parties' economic issues and in ensuing motion practice admitted having lived in New York during the year in question and, again, made no mention of any defense predicated on a contrary state of affairs. In view of this history, defendant's conclusory assertion in connection with his summary judgment motion, that he had, in fact, not resided in New York for the entire year preceding the action's commencement, was patently insufficient to meet his burden as movant to establish a prima facie entitlement to judgment as a matter of law.

In view of the foregoing and of the lack of any accompanying affidavit of merit or supporting evidence, defendant's proposed amendment to his answer to deny New York residency during the statutorily relevant period, was plainly without merit and, accordingly, his motion for leave to amend was properly denied (*see, Curran v Auto Lab Serv. Ctr.*, 280 AD2d 636).

Finally, given the repetitive and meritless nature of defendant's motion to amend, as well as defendant's evident intent to delay the litigation with the object of denying the gravely ill plaintiff any prospect of legal relief, sanctions were appropriately imposed. Concur—Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.